[No. 1341. Decided June 30, 1894.]

JOHN NOYES, *Respondent*, v. J. H. LOUGHEAD *et al.*, *Appellants.*

PRACTICE IN CIVIL CASES — STRIKING ANSWER — LANDLORD AND TENANT — TENANCY — ACTION UPON INDEMNITY BOND FOR RENT — PLEADING.

The action of the trial court in striking an answer from the files and giving judgment on the pleadings, for the reason that the answer had been once ruled as demurrable and had been again filed after the sustaining of a demurrer to an amended answer, will not be disturbed, although such procedure may not be strictly regular.

In an action for breach of the covenant in a bond to pay rental for certain premises as provided in a lease between the plaintiff and the principal in the bond, the lease and bond reciting that the tenancy should be for a term of five years commencing upon the completion of the building, about the 15th of March, 1890, an answer does not state sufficient facts to constitute a defense when it alleges that the place rented was not completed and delivered within said 15th day of March, and counterclaiming damages upon such alleged breach of contract.

A lease of a building in course of construction, for a term of five years after its completion on or about a certain date, the dates for the beginning and ending of the lease being left unfilled, must be presumed as a lease for the term of five years dating from the completion of the building.

*Appeal from Superior Court, King County.*

Action by John Noyes against J. H. Loughead, J. C. Nixon, J. L. Kahaley and H. H. Burnett, upon a bond conditioned for the payment of the rental of certain premises in the city of Seattle. The lease of the premises contained the following provision:

"Said parties of the first part do by these presents lease and demise unto the party of the second part, and the party of the second part hereby does hire and take from the parties of the first part, all of that double basement, four story brick building, etc., said building being now

under course of construction upon said lots [description] by the said John Noyes under contract with Hetherington, Clements & Co., architects, and to be completed on or about the 15th day of March, 1890.''

The condition of the bond was as follows:

''The condition of this above obligation is such, that if the said J. H. Loughead shall well and truly pay, or cause to be paid unto the said John Noyes the monthly rental of two thousand one hundred dollars ( $2,100.00 ) in gold coin of the United States of America, monthly in advance, on the fifteenth day of each and every month according to the terms and conditions of a certain lease, hereinafter named, during the term of two years from the —— of —— A. D. 1890, *the day of the completion of that certain double basement and four story brick building upon lots three (3) and (6) in block "A" in the plat of an addition to the town, now city, of Seattle as laid off by A. A. Denny,* in King county, Washington, now under construction by the said John Noyes and leased by the said John Noyes and wife to the said J. H. Loughead and by the said J. H. Loughead hired and taken from the said John Noyes by indenture of lease bearing date the tenth day of December, A. D. 1889, and running for the term of five years *from the day of the completion of said building with the privilege given said* J. H. Loughead of being preferred at same rental price over others, for the term of five years additional, said building being for hotel purposes and said rent being rent reserved for the said building, then this obligation to be void, otherwise to remain in full force and effect.''

The building was completed about August 1, 1890, at which time defendant Loughead went into possession.   .

*Stratton, Lewis & Gilman,* and *Smith & Littell (Junius Rochester,* of counsel), for appellants.

*Strudwick & Peters,* for respondent.

The opinion of the court was delivered by

HOYT, J.—In the cause in which this appeal was prosecuted, the defendants filed an amended answer, which was

challenged by demurrer and held insufficient. After this they filed their second amended answer, setting up substantially the same defense as in the first one. Thereupon respondent moved the court to strike it from the files, and for judgment on the pleadings for want of an answer. Motions of this kind, under the circumstances of this case, are not directly recognized by our statute, and the practice of interposing them should not be encouraged, as there is usually a more orderly way to reach defects in pleadings, and one which will better preserve the right of amendment so liberally provided for in our code. But where a party, having just had a ruling that certain facts constituted no defense, comes again into court relying upon an answer setting up only the same facts, he cannot complain if the court strikes it from the files and proceeds to judgment as though no answer had been filed. And since that is substantially what was done in this case, we are not disposed to disturb the action of the court in that regard.

The other question presented by the appeal is as to the sufficiency of the answer as to which the court sustained the demurrer, and this must depend entirely upon the construction to be given the bond upon which the action was brought, and the lease referred to therein. If, construing these two instruments together, it appears that it was in the contemplation of the parties at the time the bond in question was given that the lease was for five years, commencing on the 15th day of March, the facts alleged in the answer constituted a defense to the action. If, however, the construction of these instruments establishes the fact that it was intended that the lease was to be for a period of five years from the time the building was completed, the facts set out were not sufficient. The bond refers to the lease, and to the rent to grow due thereunder. The provisions of the lease, so far as this question is concerned,

provide substantially that the party of the first part leases to the party of the second part the building in question for the period of five years, said building being now under course of construction upon certain lots by the said plaintiff under contract with Hetherington, Clements & Co., architects, and to be completed on or about the 15th day of March, 1890.

It is contended on the part of the appellants that the statement that it was to be completed on or about the 15th day of March, 1890, was the fixing of a definite day when the lease should commence, and that if the building was not finished at that time the lease would be ineffectual.    It is doubtful whether this would be taken to have been the intention of the parties if there was nothing else in the lease, or in the bond which was executed in connection therewith, which could aid in determining such intention.    It might well be held that this clause was inserted by way of description of the building, and to show that under the contract for its construction it was to be completed on a certain day.    This would be more reasonable than to hold it to have been a covenant on the part of the lessor that the building would be ready for occupancy on that date, and that if it was not, he would respond in damages.    There are, however, other expressions in the lease and bond which furnish material aid in arriving at the intention of the parties.    The lease is for the definite term of five years, but is by its terms to commence on a blank date, and end on a blank date.    Though the terms of the lease are referred to in the bond quite fully it is nowhere referred to as commencing on a certain date, but is always spoken of as commencing upon the completion of the building, and ending five years from that time.    In our opinion the lower court rightly construed the lease as being one to commence upon the completion of the building rather than upon any cer-

tain day, and this being so, the facts set up in the amended answer constituted no defense.

The judgment will be affirmed.

STILES, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I think the answer shows that there was such a variation of the terms of the contract that the sureties were released, and the motion for judgment should have been denied.     I am, therefore, compelled to dissent.