[No. 6146. Decided July 20, 1906.]

W. F. HAYS, *Appellant,* v. G. B. PEAVEY, *Respondent.*[1]

APPEAL—REVIEW—PLEADINGS—WAIVER BY AMENDMENT. Error in sustaining a demurrer to a complaint is waived by the filing of an amended complaint.

PLEADING—AMENDED COMPLAINT—MOTION TO STRIKE—MERITS OF PLEADING. Where, upon sustaining a demurrer to a complaint, an amended complaint is filed in all essential particulars the same as the original, a motion to strike on that ground is equivalent to a demurrer, entitling it to be heard upon its merits, and it is error to strike it out and grant judgment dismissing the action.

ACCOUNT—PLEADINGS—LIMITATION OF ACTIONS. It is error to sustain a demurrer to a complaint for an accounting on the ground that a bill of particulars shows the cause of action to have accrued more than six years previous to suit brought where it appears that some, at least, of the items were within six years of the commencement of the action.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 22, 1905, dismissing an action for an accounting upon granting a motion to strike plaintiff's amended complaint. Reversed.

*Fred Page-Tustin ( W. F. Hays, of counsel), for appellant.*
*Peters & Powell, for respondent.*

HADLEY, J.—The plaintiff in this action seeks an accounting from the defendant; and judgment for the amount found to be due. The original complaint alleged that, on the 23d day of December, 1898, the plaintiff and defendant entered into a written contract, which was fully set forth in the complaint. The contract recited, in substance, that the defendant

[1] Reported in 86 Pac. 170.

Peavey was a practical timber and lumberman, and was extensively acquainted with the location of valuable timber lands within the state of Washington, and with many owners of such lands; that he was the holder of bonds for the sale of some six thousand acres of timber land in Skagit county, Washington, and was desirous of selling such bonded land, and any other and additional lands which he might be able to bond at such prices as would enable profitable sales thereof to be effected through the mutual efforts of himself and the plaintiff Hays; that Hays was familiar with persons and corporations desirous of acquiring title to timber lands in this state, and that for the purpose of mutual profit, said Peavey and Hays agreed to co-operate together to effect sales of lands so already bonded and that might thereafter be bonded by said Peavey; that the net profits from such sales should be equally divided between the two; and that no sales should be made without agreement between the two as to prices and terms.

It was further alleged that, for the purpose of more fully setting forth the true intent of said agreement, the parties did, on the 25th day of February, 1899, enter into a further written agreement. This new agreement is also set forth and recites substantially the same as the former one, except that it exempts farm lands from the operation of the agreement. It was next alleged that the plaintiff sold to one Simons all his interest in the profits to be derived from sales of such lands in Skagit county, Washington, but that he rendered services in pursuance of the agreement and effected sales of about thirty-five thousand acres of timber lands situated in the counties of Snohomish, Whatcom and King, and that defendant made the sales to purchasers procured by plaintiff; that plaintiff expended about $6,000 in his efforts to procure such purchasers, and that defendant refuses to reimburse him or to account to him for his share of the profits, which are alleged to be $52,750.

The defendant moved that plaintiff be required to furnish

a bill of particulars as to the location of the lands, names of purchasers, prices, and dates of sales. The motion was granted, and a bill of particulars was filed which showed lands sold situate in the counties of Snohomish, Whatcom, and King. Thereupon the defendant demurred to the complaint on the ground that it did not state a cause of action, and, also, that the cause of action, if any existed, arose more than six years before the commencement of this suit. The demurrer was sustained. It is contended by the appellant that the court erred in sustaining the demurrer. That subject is not, however, before us for review, inasmuch as appellant did not stand upon the complaint but waived the ruling upon the demurrer by filing an amended complaint. Upon the filing of the amended complaint, the defendant moved to strike it on the ground that it states substantially the same facts as are set forth in the original complaint, and is an attempt to avoid the ruling upon the demurrer to the original complaint, it being contended that it is susceptible to the same demurrer as that urged against the first complaint. The motion to strike was sustained. The plaintiff stood upon his amended complaint, and judgment was entered dismissing the action with prejudice to any further or other litigation. From such judgment this appeal was taken.

An essential matter to be determined is, does the amended complaint state new and material facts not alleged in the original complaint? It sets forth a written agreement between respondent and one Simons, the latter representing one Richardson and associates, which agreement recites, in effect, that the parties thereto are engaged in carrying out an arrangement for the purchase of timber lands in the state of Washington for said Richardson and his associates, and that respondent is to receive from said Richardson and his associates fifty cents per acre for his services in procuring from ten thousand to forty thousand acres. It is then alleged that the fifty cents per acre which respondent was to so receive was in addition to and without regard to the prices

to be paid by Richardson for the lands, and that respondent was paid said sum per acre for a large body of lands so purchased. Appellant contends that the above is new and material matter, not included in the original complaint. The first complaint does, however, allege, without setting forth any written contract in relation thereto, that respondent "did obtain, collect and receive as profits upon said transactions a commission or sum of fifty cents per acre on all such timber lands so sold situated in Snohomish, Whatcom and King counties, amounting in the aggregate to the sum of $17,500. So that the same subject-matter appears to have been covered by the original complaint. Other new averments in the amended complaint are in the nature of conclusions as to what the parties intended by their aforesaid written agreements. Such are not, however, the statements of new material facts, and we believe the amended complaint was in all essential particulars the same as the original.

However, notwithstanding the fact that the amended complaint stated no new material matter, still we think it was entitled to consideration upon its merits, and that its sufficiency is reviewable here. Respondent says in his brief that the new complaint was filed without leave of court. The record is entirely silent upon that subject, and neither the motion to strike nor the order granting it states such fact as a ground for striking. The motion to strike upon the ground alleged therein was equivalent to a demurrer to the amended complaint, and the order granting the motion was in effect the sustaining of a demurrer. We think the amended complaint does show ground for recovery of some amount with respect to commissions upon land sales, outside of Skagit county. Even if it be considered with reference to the bill of particulars which was filed pending the original complaint, there are items which show that some of the sales were made within six years of the commencement of this action. Finding that the amended complaint stated a cause of action, we hold that it was error to strike it.

The judgment is therefore reversed, and the cause remanded, with instructions to vacate the judgment and the order striking the amended complaint.

MOUNT, C. J., FULLERTON, RUDKIN, CROW, ROOT, and DUNBAR, JJ., concur.