Succession of Vélez et al., Plaintiffs and Appellants, *v.* Vélez et al., Defendants and Appellees.

Appeal from the District Court of Aguadilla in an Action of Ejectment, Nullity of Possessory Proceedings and Cancellation of Records.

No. 1367.—Decided March 17, 1916.

Pleading—Amended Complaint—Motion to Strike Out—Demurrer.—A motion to strike out an amended complaint and for judgment dismissing the action on the ground that it was an exact reproduction of the original complaint, which was dismissed, and failed to correct the errors or mistakes, is equivalent to a demurrer.

Id.—Id.—Demurrer—Prescription—Misjoinder of Parties.—When the court sustains a demurrer on the ground of prescription of certain causes of action for annulment and misjoinder of parties and the amendment to the complaint only corrects the misjoinder of parties defendant, but no fact is alleged to overcome the conclusion of the court that the cause of action had prescribed, the complaint will not be deemed to have been amended.

Id.—Id.—Errors or Mistakes—Failure to Correct—Waiver.—Amending a pleading means to correct its errors or mistakes, so when this is not done it cannot be held that there is an amended pleading and the court will be

justified in taking no notice of it or striking it out and proceeding with the action as if the party had waived the right to amend.

The facts are stated in the opinion.

*Mr. Carlos Franco Soto* for the appellants.

*Mr. José de Diego* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this case the District Court of Aguadilla sustained a demurrer of the defendants and adjudged that certain causes of action for annulment set up by the appellants in their complaint had prescribed and that there was misjoinder of parties defendant. The complaint was dismissed but leave to amend was granted. Thereupon the plaintiffs filed an amended complaint which was the same as the other except that it contained a new allegation for the purpose of correcting the defect of misjoinder of parties defendant and that in another allegation some words were added which in no way changed the scope of the corresponding allegation of the original complaint.

At this stage of the case the defendants moved the court to strike out the amended complaint and enter judgment dismissing the action. The plaintiffs opposed the motion and the court sustained it, ordering that a judgment of dismissal be entered on the record.

This appeal having been taken by the plaintiffs, they assigned no error in the judgment but raised for our consideration the single question of whether the lower court was authorized to strike out their amended complaint and give judgment dismissing the action when the defendants had not demurred to the amended complaint.

The question raised in the motion of the defendants was equivalent to a demurrer to the amended complaint (*Hays v. Peavey,* 43 Wash. 163, 86 Pac. 170, cited in 31 Cyc. 461,) because it was based on the fact that the amended complaint was an exact transcript of the original complaint since the new allegation, although it might affect the defect of misjoinder of parties defendant, did not affect the other juridi-

cal elements considered by the court in adjudging that the causes of action for the annulment of the sales referred to in the complaint had prescribed.

The only addition contained in the amended complaint may correct the misjoinder of parties defendant which the court found to exist, but as no other amendments were made the holding of the lower court still stands as to the prescription of the causes of action for the annulment of two sales set up in the complaint; therefore the said addition is not sufficient to consider the complaint amended, for if no fact is alleged to overcome the court's conclusion that the cause of action had prescribed, an amendment to the complaint showing that all the necessary parties had been joined as defendants is of little importance.

Moreover, when a court grants a party leave to file an amended pleading the new pleading should not be an exact reproduction of the former or contain only such slight changes that it does not actually correct the errors or mistakes of the former. Amending a pleading means to correct its errors or mistakes. When this is not done it cannot be held that there is an amended pleading and the court will be justified in taking no notice of it or striking it out and proceeding with the action as if the party had waived the right granted him to amend. In this case the court dismissed the complaint but granted leave to amend it and as it was not amended the judge was justified in proceeding with the case and ordering that his decision dismissing the complaint, which had been suspended, be entered as the judgment. 31 Cyc. 358.

The appellants having limited their appeal to the only question which we have considered and decided against them, the judgment appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.