MAZARREDO ET AL., PLAINTIFFS AND APPELLANTS, *v.* GARCÍA ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Aguadilla in an Action of Revendication.

No. 2610.—Decided April 17, 1923.

PLEADING—STRIKING OUT PLEADING—FINAL JUDGMENT.—An order striking out the amended complaint because it was substantially the same as the original complaint and imposing upon the plaintiffs the costs, expenses and counsel fees, following the form of a judgment, has the character of a final judgment.

ID.—ID.—ID.—APPEAL—VOID JUDGMENT.—In this case an appeal from an order of May 24, 1920, as described in the preceding paragraph, was dismissed. On July 21, 1921, at the instance of the plaintiffs the court below rendered a so-called judgment and from it an appeal was taken. This appeal was

dismissed on the ground that the order previously appealed from was the actual and valid judgment and that the subsequent judgment was null and void.

The facts are stated in the opinion.

*Mr. L. Llorens Torres* for the appellants.

*Messrs. E. Acuña, Reichard & Reichard,* and *S.* and *A. García Ducós* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The original complaint in this case was filed on January 21, 1918. Several of the defendants presented demurrers and on July 23, 1919, the court sustained the said demurrers, granting permission to complainants to file an amended complaint within ten days. An amended complaint was filed on August 13, 1919.

On September 19, 1919, the defendants filed a motion to strike the amended complaint on the ground, among others, that the complaint as amended, with slight changes, was substantially the same as the original complaint. On May 24, 1920, the court rendered its decision (*resolución*) on this motion. The appellees maintain in effect that this was a final judgment and that the subsequent act of the District Court of Aguadilla purporting to be a judgment is invalid and not a proper basis for an appeal.

In point of fact, as our records show and apellees maintain, the complainants appealed from the resolution of May 24, 1920. This appeal was dismissed for lack of an assignment of errors, the appellants there having full opportunity to remedy the defect before the hearing. *Mazarredo v. Ramírez,* 29 P. R. R. 740.

On or about July 21, 1921, and after the dismissal of the said appeal, the complainants went into the district court and, after notice to the other side, moved that court to render a definite judgment.

On July 21, 1921, the District Court of Aguadilla formally rendered the judgment from which the present

appeal purports to be taken. The judge who rendered the alleged judgment of July 21, 1921, was not the same judge who made the decision of May 24, 1920.

Of course, if the *resolución* of May 24, 1920, was a final judgment, the complainants, by obtaining formally another action from the court called a "judgment," cannot revive their right of appeal. If the said order of May 24th was a final disposition of the case the subsequent alleged "judgment" was inoperative.

We shall, therefore, examine the resolution of May 24, 1920. Along with the title to the case, showing the parties to the suit and so on, are the words "recorded May 24, 1920," and at the end of the resolution is the certificate of the secretary that it was recorded on May 24, 1920, in the judgment book. Given our decisions of the necessity for the record of judgments, there is a clear indication, formally at least, that the *resolución* was considered a final judgment.

But more especially the final paragraph of the resolution is as follows:

"In view of the above the motion to strike is sustained and it is ordered that the amended complaint filed on August 12, 1919, be stricken out with costs, expenses and attorney fees against the plaintiff."

Costs, fees, etc., in this form are only given with the final judgment and it is evident then that the court intended to make a final disposition of the case.

So that we shall consider whether the resolution of May 24, 1920, was in substance a final disposition. And first of the nature of a motion to strike, as applied to the facts of this case. Such a motion, like a judgment on the pleadings and other matters, is not directly mentioned in the Code of Civil Procedure, but that it is a recognized mode of procedure in a proper case the jurisprudence of Porto Rico, Cali-

fornia, Washington, Idaho and other courts show. *Vélez* v. *Vélez*, 23 P. R. R. 572; *Cameron* v. *Ah Quong, Chin Shin, Intervener*, 96 P. 1025; *Harvey* v. *Meigs* (Cal.), 119 P. 941; *Hays* v. *Peavey* (Wash.), 86 Pac. 170; *Noyes* v. *Loughead* (Wash.), 37 Pac. 452; *Cowen* v. *Harrington*, 48 Pac. 1059; 31 Cyc. 618.

Some of these cases and others show that when an amended pleading, a substantial reproduction of the original pleading, is filed it is fitting, proper, or perhaps necessary, to move to strike. In *Hays* v. *Peavey, supra,* the court held that a motion to strike an amended complaint on the ground that it stated the same facts set forth in the original complaint was equivalent to a demurrer. In that case the complainant stood upon his amended complaint and judgment as entered for the defendant. On appeal the judgment was vacated, as well as the motion to strike, because the court thought the amended complaint sufficient.

*Noyes* v. *Loughead, supra,* was a case where an answer was stricken for repetition of the same facts, the court saying that a motion to strike was not recognized directly by the code and, while suggesting that there was a better method in that state, sustained the action of the court below.

In *Enright* v. *Midland Sampling & Ore Co.*, 80 P. (Colo.) 1041, a motion to strike was held the proper mode to reach an amended complaint repeating the facts of the original complaint.

To the same effect is the case of *Rittmaster* v. *Rickner*, 60 Pac. 189, citing *Hines* v. *Smith*, 5 Colo., and saying that there was no amendment after a change of words but not of substance. Some of the most satisfactory reasoning is to be found in *Town of Waukon* v. *Strouse*, 38 N. W. 408. There the Supreme Court of Iowa said:

"Where a party pleads over after a demurrer to his pleading has been sustained and his amended pleading is the same in sub-

stance as the original, the other party is not required to again demur. So far as that count is involved the question is adjudicated and the amended pleading presents no question nor case for the court to determine and it should be stricken from the files.''

Similar decisions are to be found in *McKee* v. *Illinois Central R. R. Co.* (Iowa) 97 N. W. 69; *Loghey* v. *Fillmore County et al.* (Neb.) 106 N. W. 170; *Columbia Savings and Loan Association* v. *Clause,* 78 Pac. 708. The question is settled in this jurisdiction by the case of *Vélez* v. *Vélez, supra,* wherein we said:

''In this case the District Court of Aguadilla sustained a demurrer of the defendants and adjudged that certain causes of action for annulment set up by the appellants in their complaint had prescribed and that there was misjoinder of parties defendant. The complaint was dismissed but leave to amend was granted. Thereupon the plaintiffs filed an amended complaint which was the same as the other except that it contained a new allegation for the purpose of correcting the defect of misjoinder of parties defendant and that in another allegation some words were added which in no way changed the scope of the corresponding allegation. of the original complaint.

''At this stage of the case the defendants moved the court to strike out the amended complaint and enter judgment dismissing the action. The plaintiffs opposed the motion and the court sustained it, ordering that a judgment of dismissal be entered on the record.

''This appeal having been taken by the plaintiffs, they assigned no error in the judgment, but raised for our consideration the single question of whether the lower court was authorized to strike out their amended complaint and give judgment dismissing the action when the defendants had not demurred to the amended complaint.

''The question raised in the motion of the defendants was equivalent to a demurrer to the amended complaint (*Hays* v. *Peavey,* 43 Wash. 163, 86 Pac. 170, cited in 31 Cyc. 461,) because it was based on the fact that the amended complaint was an exact transcript of the original complaint since the new allegation, although it might affect the defect of misjoinder of parties defendant, did not affect the other juridical elements considered by

the court in adjudging that the causes of action for the annulment of the sales referred to in the complaint had prescribed.

"The only addition contained in the amended complaint may correct the misjoinder of parties defendant which the court found to exist, but as no other amendments were made the holding of the lower court still stands as to the prescription of the causes of action for the amendment of two sales set up in the complaint; therefore the said addition is not sufficient to consider the complaint amended, for if no fact is alleged to overcome the court's conclusion that the cause of action had prescribed, an amendment to the complaint showing that all the necessary parties had been joined as defendants is of little importance.

"Moreover, when a court grants a party leave to file an amended pleading the new pleading should not be an exact reproduction of the former or contain only such slight changes that it does not actually correct the errors or mistakes of the former. Amending a pleading means to correct its errors or mistakes. When this is not done it cannot be held that there is an amended pleading and the court will be justified in taking no notice of it or striking it out and proceeding with the action as if the party had waived the right granted him to amend. In this case the court dismissed the complaint, but granted leave to amend it and as it was not amended the judge was justified in proceeding with the case and ordering that his decision dismissing the complaint, which had been suspended, be entered as the judgment. 31 Cyc. 358.

"The appellants having limited their appeal to the only question which we have considered and decided against them, the judgment appealed from is affirmed."

Sections 195 and 196 of the Code of Civil Procedure are as follows:

"Sec. 195.—Issues arise upon the pleadings when a fact or a conclusion of law is maintained by the one party, and is controverted by the other. There are two kinds:

"1.—Of law; and

"2.—Of fact.

"Sec. 196.—An issue of law arises upon a demurrer to the complaint or answer, or to some part thereof."

Section 201 provides that "either party may bring an

issue to trial or to a hearing, and in the absence of the adverse party, unless the court, for good cause, otherwise direct, may proceed with his case and take a dismissal of the action, or a verdict or judgment, as the case may require."

It is evident under these sections that after an issue of law if a complainant does not avail himself of a privilege of amendment, a judgment or dismissal, as the case may be, is the proper consequence.

We have seen cases where, the original complaint being utterly frivolous and incapable of amendment, the court below has refused to permit a complainant to amend. In other cases, after a complainant has made a number of efforts to amend unsucessfully, the court below has refused to permit amendments, all this in furtherance of the principle *ut finis litium sit.*

When a complainant fails to amend on permission given he is in default and the defendant is entitled to have a judgment without any further notice to the complainant, although the case before us is not a case of notice as the amended complaint was stricken, presumably after a hearing.

Where a complaint is stricken, as one of the courts remarks, the judgment that follows is a judgment on the pleadings. If a party presents substantially the same facts after a question of law has been adjudicated, the court, in its discretion, may refuse to permit an amendment, although of course the courts should be very liberal in these matters.

In this case the court, after the motion to strike was sustained, immediately rendered a judgment and for the only important matter that was involved, namely, costs and attorney fees. Generally the action of the court sustaining a demurrer does not prevent the complainants from beginning over again, because a statement of facts which does not set up a cause of action cannot be urged as *res adjudicata* to a good cause of action.

Supposing that the District Court of Aguadilla had been

wrong in considering that the amended complaint did not state a cause of action, then the complainants would have had a right to have this question reviewed on appeal after judgment entered. This the District Court of Aguadilla gave the complainants an opportunity to do by immediately rendering judgment. The complainants considered that the action of the court was a final judgment because they appealed therefrom, but, as we have seen, did not obtain a hearing on the merits. The complainants themselves, however, can hardly question that the resolution of May 24, 1920, was a final disposition of the case.

We regret the delay in this case, but the appellees only presented this fundamental question as the last point in their brief. More summary action could have been obtained if a motion to dismiss for this purpose had been filed. There was, in fact, a motion to dismiss, but it was based on other matters. As the appeal in this case is taken from an action of the court or alleged judgment which is entirely inoperative, the appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.