MAZARREDO ET AL., DEMANDANTES Y APELANTES, *v.* GARCÍA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre reivindicación de inmuebles y otros extremos.

No. 2610.—Resuelto en abril 17, 1923.

ELIMINACIÓN DE ALEGACIONES ENMENDADAS—SENTENCIA FINAL.—Una orden eliminando la demanda enmendada por ser substancialmente igual a la original, y condenando en costas, gastos y honorarios al demandante, y que observa las formas de una sentencia, tiene el carácter de sentencia final.

DESESTIMACIÓN DE APELACIÓN—SENTENCIA NULA.—En este caso fué anteriormente desestimada la apelación de una resolución dictada en mayo 24, 1920, como se describe en el anterior párrafo; en julio 21, 1921, la corte inferior, a petición del demandante, dictó una llamada sentencia, que fué apelada. Se desestimó esta apelación, por el fundamento de que la resolución anteriormente apelada era la verdadera sentencia válida y nula la resolución posterior.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. L. Llorens Torres.*

Abogado de los apelados: *Sres. E. Acuña, Reichard & Reichard, y S. y A. García Ducós.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La demanda original de este caso fué radicada en enero 21 de 1918. Varios de los demandados formularon excepciones previas y en julio 23, 1919, la corte declaró con lugar dichas excepciones previas concediendo permiso a los demandantes para radicar una demanda enmendada dentro del término de diez días. Una demanda enmendada fué archivada en agosto 13, 1919.

En septiembre 19, 1919, los demandados presentaron una moción para que la demanda enmendada fuera eliminada alegando como fundamento, entre otros, que la demanda como

había sido enmendada, con ligeros cambios, era virtualmente igual a la primitiva demanda. En mayo 24, 1920, la corte dictó su resolución sobre esta moción. Los apelados sostienen, en efecto, que esta era una sentencia definitiva y que la subsiguiente actuación de la Corte de Distrito de Aguadilla que tiene el carácter de una sentencia es nula y no constituye base adecuada para una apelación.

En realidad de verdad, según revelan nuestros autos y sostienen los apelados, los demandantes apelaron de la resolución de mayo 24, 1920. Esta apelación fué desestimada por falta de un señalamiento de errores, teniendo allí los apelantes amplia oportunidad para corregir el defecto antes de la vista. *Mazarredo* v. *Ramírez*, 29 D. P. R. 796.

Hacia el día 21 de julio de 1921, y después de desestimada dicha apelación, los demandantes acudieron a la Corte de Distrito y luego de notificar a la otra parte solicitaron de esa corte que dictara sentencia definitiva.

En julio 21, 1921, la Corte de Distrito de Aguadilla dictó formalmente la sentencia contra la cual parece haber sido interpuesta esta apelación. El juez que dictó la alegada sentencia de julio 21, 1921, no era el mismo juez que dictó la resolución de mayo 24, 1920.

Por supuesto que si la resolución de mayo 24, 1920, era una sentencia definitiva los demandantes por el hecho de obtener formalmente otra resolución de la corte, conocida por una "sentencia," no pueden revivir su derecho de apelación. Si dicha resolución de mayo 24 fué una disposición final del caso, la subsiguiente alegada "sentencia" era ineficaz.

Consideraremos, por tanto, la resolución de mayo 24, 1920. Junto con el título del caso que indica quiénes son las partes en el pleito, etc., aparecen las palabras "registrada hoy 24 mayo de 1920," y al final de la resolución está la certificación del secretario de que fué registrada en mayo 24, 1920, en el registro de sentencias. En vista de nuestras decisio-

nes sobre la necesidad de que se registren las sentencias existe una clara indicación, por lo menos formalmente, de que la "resolución" fué considerada como una sentencia definitiva.

Pero para ser más precisos, el párrafo final de la resolución es el siguiente:

"Por lo expuesto, se declara con lugar la moción de eliminación y se decreta la eliminación total del escrito de demanda enmendado presentado en 12 de agosto de 1919, con las costas, gastos y honorarios de abogado a la parte demandante."

Las costas, honorarios de abogado, etc., en esta forma sólo se conceden con la sentencia definitiva y es evidente entonces que la corte trató de dictar resolución final en el caso.

De modo que consideraremos el hecho de si la resolución de mayo 24, 1920, fué en substancia una disposición final. Y en primer lugar, de la naturaleza de la moción para eliminar como ha sido aplicada a los hechos de este caso. Tal moción, lo mismo que una sentencia sobre las alegaciones y otras cuestiones, no se menciona directamente en el Código de Enjuiciamiento Civil, pero que es un modo reconocido de procedimiento en un caso adecuado, la jurisprudencia de Puerto Rico, California, Washington, Idaho y otras cortes lo demuestran. Véanse los casos de *Vélez* v. *Vélez,* 23 D. P. R. 617; *Cameron* v. *Ah Quong, Chin Shin, Intervener,* 96 P. 1025, *Harvey* v. *Meigs* (Cal.), 119 P. 941 *Hays* v. *Peavey* (Wash.), 86 Pac. 170; *Noyes* v. *Loughead* (Wash.) 37 Pac. 452; *Cowen* v. *Harrington,* 48 Pac. 1059, 31 Cyc. 618.

Algunos de estos casos y otros muestran que cuando se archiva una alegación enmendada, una reproducción substancial de la primitiva alegación, es adecuado, propio o quizá necesario solicitar la eliminación. En el caso *Hays* v. *Peavey, supra,* la corte resolvió que una moción para eliminar una demanda enmendada por el fundamento de que exponía los mismos hechos alegados en la primitiva demanda era equivalente a una excepción previa. En ese caso el deman-

dante·insistió en su demanda enmendada y se dictó sentencia a favor del demandado.   En apelación fué anulada la sentencia así como la moción para eliminar por haber creído la corte que la demanda enmendada era suficiente.

*Noyes* v. *Loughead, supra,* era un caso en el cual fué eliminada una contestación por repetirse en ella los mismos hechos, manifestando la corte que una moción para eliminar no era reconocida expresamente por el código y, si bien sugería que existía un método mejor en ese Estado, sostuvo la actuación de la corte inferior.

En el caso de *Enright* v. *Midland Sampling & Ore Co.,* 80 P. (Colo.) 1041, se resolvió que una moción para eliminar era el medio adecuado de llegar a una demanda enmendada en que se repetían los hechos de la demanda original.

En el mismo sentido se pronuncia el caso de *Rittmaster* v. *Hichner,* 60 Pac. 189, en el que se cita el de *Hines* v. *Smith,* 5 Colo., y expresa que no hubo ninguna enmienda después de hacerse un cambio de palabras pero no en lo substancial. Parte del razonamiento más satifactorio puede encontrarse en el caso de *Town of Woukon* v. *Strouse,* 38 N. W. 408.   Allí la Corte Suprema de Iowa se expresó en estos términos:

"Cuando una parte vuelve a alegar después que una excepción previa a su alegación ha sido declarada con lugar y su alegación enmendada es la misma en substancia que la primitiva, la otra parte no está en la obligación de volver a excepcionar.   En tanto está envuelta esa alegación la cuestión está resuelta y la alegación enmendada no presenta ninguna cuestión ni caso para que la corte lo resuelva y debe ser eliminada de los records."

Decisiones semejantes pueden encontrarse en los casos de *McKee* v. *Illinois Central R. R. Co.,* Iowa (97 N. W. 69); *Loghey* v. *Fillmore Country et al.,* (Neb.) 106 N. W. 170; *Columbia Savings and Loan Association* v. *Clause,* 78 Pac. 708.   La cuestión está resuelta en esta jurisdicción por el caso de *Vélez* v. *Vélez, supra,* en el cual dijimos lo siguiente:

"A virtud de excepciones opuestas en este caso por los demanda-

·dos la Corte de Distrito de Aguadilla dictó resolución declarando que estaban prescritas ciertas acciones de nulidad que los apelantes ejercitan. en su demanda y que había defecto de partes demandadas y desestimó la demanda, aunque concedió permiso para que fuera enmendada. Presentaron entonces los demandantes una nueva demanda igual a la anterior con excepción de que contiene una alegación nueva con el objeto de subsanar el defecto de partes demandadas y que en otra se agregan algunas palabras que en nada alteran el alcance de la correspondiente de la demanda original.

"En este estado el pleito los demandados solicitaron de la corte que eliminase la demanda enmendada y que dictase sentencia·decretando el sobreseimiento y, después de·alegar en contra los demandantes, la corte declaró con lugar la moción,. dictó sentencia. desestimando la demanda. y ordenó que ésta se registrara en el libro de sentencias.

"Interpuesto por los demandantes este recurso de apelación no alegan error alguno contra la sentencia y se limitan a proponer a nuestra resolución como única cuestión la de si la corte inferior tiéne facultad para eliminar su demanda enmendada y dictar sentencia desestimando su pleito, sin que la demanda enmendada fuera excepcionada por los demandados.

"La cuestión propuesta por la moción de los demandados equivalía a una excepción a la demanda enmendada (*Hays* v. *Peavey*, 43 Wash. 163, 86 Pac. 170 citado en 31 Cyc. 461) ya que su fundamento fué que era una transcripción exacta de la original porque el nuevo hecho alegado, si bien puede afectar al defecto de partes demandadas, no así a los otros elementos jurídicos apreciados por la corte pára declarar prescritas las acciones de nulidad de las ventas a. que se refiere la demanda.

"La sola adición que contiene la segunda demanda puede subsanar el defecto de partes demandadas que la corte declaró, existir, pero no habiéndose hecho otras enmiendas queda subsistente la déclaración que hizo la corte inferior de estar prescritas las acciones de nulidad que respecto de dos ventas se ejercitan en la demanda,·y por tanto aquella adición no es bastante para entender enmendada la demanda porque si no se alega algún hecho que desvirtúe la declaración de.prescripción de la acción declarada por la corte, poco importa que se adicione la demanda para demostrar que han sido demandados todos los que deben ser parte en el pleito.

"Además, cuando una corte concede permiso a una ·parte para presentar una alegación enmendada, la nueva no puede ser·una·re-

producción exacta de la anterior o con tan ligeros cambios que en verdad no corrijan los errores o equivocaciones de la anterior. Enmendar una alegación es corregir sus errores o equivocaciones y cuando esto no se hace no puede sostenerse que hay alegación enmendada y la corte estará justificada para prescindir de ella o para eliminarla y para continuar con el pleito como si la parte hubiera renunciado a utilizar el derecho que se le dió para enmendar; y como en este caso la corte había desestimado la demanda, aunque concediendo permiso para enmendarla, no habiéndose hecho la enmienda, el juez estuvo justificado para continuar el procedimiento y para ordenar que su resolución desestimando la demanda, que había quedado en suspenso, se registrara como sentencia. 31 Cyc. 358.

"Habiendo limitado los apelantes su recurso de apelación por su alegato a la única cuestión que hemos considerado y resuelto en su contra, debe confirmarse la sentencia apelada."

Los artículos 195 y 196 del Código de Enjuiciamiento Civil prescriben lo siguiente:

"Art. 195.—Las cuestiones litigiosas nacen de las alegaciones de las partes cuando un hecho o punto de derecho es sostenido por una de ellas y combatido por la otra. Son de dos clases, a saber:

"1. De derecho; y
"2. De hecho.

"Art. 196.—Una cuestión de derecho se promueve mediante excepción previa deducida contra la demanda o contestación, o contra alguna parte de cualquiera de éstas."

El artículo 201 prescribe que "Cualquiera de las partes podrá someter una cuestión a juicio o a vista, y a menos que la corte por justa causa dispusiere otra cosa, podrá continuar el curso de la causa en ausencia de la parte contraria, y obtener un sobreseimiento, un veredicto o un fallo, según el caso lo requiera."

Es evidente por virtud de estos artículos que después de una cuestión de derecho si un demandante no hace uso del privilegio de hacer enmiendas, una sentencia o sobreseimiento, según sea el caso, es la debida consecuencia.

Hemos visto casos en los que siendo la demanda original enteramente frívola y no susceptible de enmienda la corte

inferior ha rehusado el permitir hacer enmienaas a un demandante. En otros casos, después que un demandante ha hecho un número de esfuerzos por enmendar sin alcanzar ningún éxito, la corte inferior se ha negado a permitir enmiendas, todo esto en favor del principio *ut finis litium sit*.

Cuando un demandante deja de hacer enmiendas habiéndosele concedido permiso es como si estuviera en rebeldía, y el demandado tiene derecho a que se dicte una sentencia sin más notificación al demandante, aunque el caso ante nos no es uno de notificación pues la demanda enmendada fué eliminada, al parecer después de una vista.

Cuando se elimina una demanda, según sugiere una de las cortes, la sentencia que procede es una sentencia sobre las alegaciones. Si una parte presenta substancialmente los mismos hechos después que una cuestión de derecho ha sido resuelta, la corte, en su discreción, puede rehusar el permitir que se haga una enmienda, aunque por supuesto las cortes deben ser muy liberales en estas cuestiones.

En este caso la corte, después que la moción para eliminar fué declarada con lugar, dictó inmediatamente una sentencia sobre la única cuestión importante que estaba envuelta, a saber, costas y honorarios. Generalmente la actuación de la corte declarando con lugar una excepción previa no impide a los demandantes el volver a empezar, porque una exposición de hechos que no determina una causa de acción no puede ser alegada como cosa juzgada a una buena causa de acción.

Suponiendo que la Corte de Distrito de Aguadilla había cometido error al considerar que la demanda enmendada no determinaba una causa de acción, entonces los demandantes hubieran tenido derecho a que esta cuestión fuera revisada en apelación después que se registrara sentencia. Là Corte de Distrito de Aguadilla dió a los demandantes la oportunidad de hacer esto dictando sentencia inmediatamente. Los demandantes consideraron que la actuación de la corte era

una sentencia final, pues apelaron de la misma pero, como hemos visto, no obtuvieron una vista sobre los méritos. Los demandantes mismos, sin embargo, apenas pueden ahora dudar de que la resolución de mayo 24, 1920, era una determinación final del caso.

Sentimos la demora que ha habido en este caso, pero los apelados sólo presentaron esta cuestión fundamental como último punto de su alegato. Una actuación más rápida pudo haberse logrado si se hubiera radicado una moción de desestimación por este motivo. Hubo, en efecto, una moción para desestimar, pero se fundaba en otras cuestiones. Como en este caso la apelación se establece contra una actuación de la corte o alegada sentencia que es enteramente ineficaz, la apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.