[No. 25804. Department One. January 20, 1936.]

THE PORT OF SEATTLE, *Appellant,* v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Respondent.*[1]

*John S. Robinson, Glenn J. Fairbrook, The Attorney General,* and *E. P. Donnelly, Assistant,* for appellant.

*Grinstead, Laube & Laughlin* and *Arthur Grunbaum,* for respondent.

GERAGHTY, J.—This is an appeal from an order of the trial court striking plaintiff's third amended complaint and dismissing the action.

The case arose out of a schedule surety bond issued by the defendant to the port of Seattle, covering its employees, including among them Matt H. Gormley, auditor of the port. The bond was conditioned to

". . . indemnify and save harmless the port of Seattle from any and all loss which it may sustain through the failure of any employee named in the

[1]Reported in 53 P. (2d) 740.

schedule hereto attached, or added thereto by acceptance notices, as therein provided, to faithfully perform such duties as may be required of him from time to time, by the Commissioners of the port of Seattle, or shall fail to account for all funds, properties, or securities of any kind or description, which may come into his possession and belonging to said port of Seattle, or which it may sustain because of any fraudulent or unlawful deed committed by him, acting alone, or in collusion with others."

The bond provided for the increase or decrease of the insurance coverage upon any employee. By the original schedule, issued February 21, 1922, Gormley was covered in the amount of twenty thousand dollars. On April 1, 1934, a new schedule increased the coverage from twenty thousand to fifty thousand dollars. The original complaint alleged:

"That from time to time between the 21st day of February, 1924, and the 1st day of May, 1934, there came into the possession of said Matt H. Gormley funds belonging to the port of Seattle and from time to time between said days said Matt H. Gormley in the performance of his duties disbursed certain of said funds, so that on the 1st day of May, 1934, said Matt H. Gormley should have had in his possession funds in the amount of One Hundred Fifty Seven Thousand, Three Hundred Thirty Six Dollars and Fifty Five Cents ($157,336.55) belonging to the port of Seattle. That on or about the 8th day of May, 1934 plaintiffs called upon said Matt H. Gormley to account for said sum of $157,336.55 but said Matt H. Gormley accounted only for the sum of Thirty Four Thousand Four Hundred Fifty Four Dollars and Three Cents ($34,454.03) and failed to account for the sum of One Hundred Twenty Two Thousand, Eight Hundred Eighty Two Dollars and Fifty Two Cents ($122,882.52) whereby there was and now is lost to the plaintiff in excess of the sum of Fifty Thousand Dollars ($50,000.00)."

The complaint having been attacked by demurrer and motions, the superior court entered an order sustaining the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. The plaintiff then filed its first amended complaint, differing somewhat in verbal detail from the original complaint. The defendant filed a demurrer to the amended complaint, as well as a motion to make more definite and certain. The demurrer and motion were overruled.

Subsequently, the plaintiff filed a second amended complaint. The defendant moved that this amended complaint be stricken from the files for the reason that it contained two causes of action, not separately stated and numbered; or, in the alternative, that the plaintiff be required to amend its complaint so that the several causes of action therein should be separately numbered and stated. The trial court, Judge Ronald presiding, being of the opinion that the schedules of February 21, 1922, and April 1, 1934, were separate contracts, granted the defendant's alternative motion and made an order requiring the plaintiff to separately state the several causes of action, which, under his view, were stated as one in the complaint.

After the entering of this order, the plaintiff filed its third amended complaint, which, while varying somewhat in the language employed, was in legal effect essentially the same as the former pleading, and stated plaintiff's claims in a single cause of action. Thereupon, the defendant moved to strike the third amended complaint for the reason that it did not comply with the order of Judge Ronald requiring the separate statement and numbering of the several causes of action. The court, Judge Kinne presiding, ordered the third amended complaint stricken for this

reason; and, plaintiff refusing to plead further, the cause was ordered dismissed. The plaintiff appeals. The appellant's notice of appeal recites that the appeal is taken

". . . from the order entered in the above entitled cause on the 5th day of June, 1935, which 'ordered and decreed that plaintiff's (third) amended complaint be, and the same is hereby, stricken from the files herein, for the reason that it fails to comply with that certain order of court entered April 29, 1935, in the above entitled cause, requiring plaintiff to separately state and number its several causes of action; and plaintiff refusing to further plead ordered that this cause be dismissed.'"

While we have recited in some detail the several steps leading up to the court's final order, the single question before us for decision is whether the court erred in striking the third amended complaint for failure to conform to the order of Judge Ronald to separately state and number its several causes of action.

The amended complaint stated in form one cause of action, and no attempt was made to conform to the court's order for separate statements based upon the schedules contained in the policy.

In filing its third amended complaint, the appellant waived any error in Judge Ronald's order requiring a separate statement, and that order became the law of the case. The order cannot be reviewed on this appeal. *Goshert v. Wirth*, 130 Wash. 14, 226 Pac. 124; *Sunset Motor Co. v. Woodruff*, 130 Wash. 516, 228 Pac. 519.

Appellant contends that, in passing upon the correctness of the court's order to strike and dismiss, the third amended complaint is to be considered independently and without reference to its conformity with the order of Judge Ronald; in other words, that

the inquiry is whether, in and of itself, the amended complaint is a proper pleading. But, as we have said, Judge Ronald's unchallenged order became the law of the case, and the question before us for review is whether the third amended complaint complied with the order. Obviously, it did not.

The appellant cites *Hays v. Peavey,* 43 Wash. 163, 86 Pac. 170. In that case, a demurrer to the complaint was sustained, and the plaintiff filed an amended complaint. The defendant moved to strike this complaint on the ground that it stated substantially the same facts as set forth in the original complaint and was an attempt to avoid the ruling upon the demurrer. The motion to strike was sustained. The plaintiff stood upon his amended complaint, and judgment was entered dismissing the action with prejudice to any further litigation. Upon appeal, this court said:

"It is contended by the appellant that the court erred in sustaining the demurrer. That subject is not, however, before us for review, inasmuch as appellant did not stand upon the complaint but waived the ruling upon the demurrer by filing an amended complaint."

The court, however, found that, while the amended complaint contained no statement of new material facts, yet it was entitled to consideration upon its merits and to be reviewed in this court. It was held that the motion to strike upon the ground alleged was equivalent to a demurrer to the complaint, and the order granting the motion was in effect the sustaining of a demurrer.

But the circumstances in that case were essentially different from those in the case before us. There, the amended complaint was filed in regular course of pleading. Here, the court, in response to a motion to strike, or in the alternative to require

separate statement of the causes of action, granted the alternative and refused to strike, presumably conditioning its refusal to strike upon compliance by the plaintiff with the order to state separately. If the practice followed and sought to be justified by the appellant in this case were permitted, the process of amendment could be prolonged to an intolerable length.

"It is unavoidable that the opinions of several judges upon the many doubtful questions which are constantly arising should sometimes differ, and a rule of practice which would permit one judge to sustain a demurrer to a complaint, another of co-ordinate jurisdiction to overrule it and to try the case upon the theory that the pleading was sufficient, and the former to then arrest the judgment, upon the ground that his decision upon the demurrer was right, would be intolerable." *Commercial Union of America v. Anglo-South American Bank, Ltd.*, 10 F. (2d) 937.

The appellant could have stood upon its second amended complaint if it desired to have reviewed the trial court's ruling. It did not follow this course, but, instead, filed another amended complaint, in essentials and form the same as the one the court had condemned and in disregard of the specific direction of the court.

The order of the trial court will be affirmed, without prejudice to appellant's rights against the respondent in another action upon its bond.

MITCHELL, STEINERT, TOLMAN, and BLAKE, JJ., concur.