RAÚL BERMÚDEZ, Plaintiff and Appellant, v. JOSÉ RIVERA ET AL., Defendants and Appellees.

No. 9213. Argued December 26, 1945.—Decided April 30, 1946.

L. *Santiago Carmona* for appellant. *R. Rivera Zayas, E. Rivera Cestero,* and *José R. Fournier* for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The District Court of Bayamón considering that it contained the same allegations as the first amended complaint—which it had already decided did not set up facts sufficient to constitute a cause of action—granted defendants' motion and ordered to strike out the second amended complaint filed by plaintiff. The latter thereupon moved for judgment, and in this appeal he maintains that the lower court erred in ordering that the second amended complaint be stricken out and in deciding that it was not sufficient.

The action involved was entitled by plaintiff "Breach of contracts, claim for unpaid wages and damages for unjust enrichment." Fundamentally the action is for the recovery of wages for extra hours and days of rest during which plaintiff worked without receiving compensation. Although pursuant to our decision in *Laboy* v. *Corporación Azucarera, etc., ante,* p. 397, plaintiff's claim as to the days of rest does not lie, said claim is only one of the causes of action alleged.

The lower court rested its decision ordering to strike the second amended complaint on the fact that it contained the same allegations as the first amended complaint, which it had already dismissed on the ground that it was not sufficient, and invoked *Succession of Vélez* v. *Vélez,* 23 P.R.R. 572, and *Mazarredo et al.* v. *García et al.,* 31 P.R.R. 731. These cases are inapposite. In the first one the actions filed had prescribed and besides there was a misjoinder of parties in the complaint. The court granted leave to amend and the plaintiffs amended the misjoinder of parties only, but took no

step to overcome the prescription. There is no doubt that since the amended complaint contained the same fatal error as the first, it should also be stricken out.

In the *Mazarredo* case it was held that an order striking out an amended complaint because it was substantially the same as the original complaint and imposing the costs and attorney's fees is proper and has the character of a final judgment. Both cases relied on *Hays* v. *Peavey*, 86 Pac. 170, to hold that a motion to strike an amended complaint on the ground that it stated the same facts set forth in the original complaint was equivalent to a demurrer. And so it is. There it was stated:

"However, notwithstanding the fact that the amended complaint stated no new material matter, still we think it was entitled to consideration upon its merits, and that its sufficiency is reviewable here. . . . The motion to strike upon the ground alleged therein was equivalent to a demurrer to the amended complaint, and the order granting the motion was in effect the sustaining of a demurrer. . . . Finding that the amended complaint stated a cause of action, we hold that it was error to strike it."

*Hays* v. *Peavey* has been confirmed subsequently in *Port of Seattle* v. *Fidelity & Deposit Co.*, 53 P. (2d) 740 (distinguished); *Magee* v. *Cohn et al.*, 59 P. (2d) 1131; *Paramount Publix Corp.* v. *Boucher*, 19 P. (2d) 223; *Aetna Life Ins. Co.* v. *Phillips*, 69 F. (2d) 901 (C.C.A. 10th Cir.).

It is true that *Hays* v. *Peavey* and the other cases cited were decided prior to the effectiveness of the new Rules of Civil Procedure and that the defendants in the instant case sought to strike the second amended complaint and to dismiss the action under Rule 41(*b*) which in its pertinent part provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him." Nevertheless, the same subdivision at the end provides: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not pro-

vided for in this rule, other than a dismissal for lack of jurisdiction, *operates as an adjudication upon the merits."* (Italics ours.)

According to the facts in the present case, the motion to strike and dismiss the complaint under Rule 41(*b*) operates as a demurrer inasmuch as the decision of the court in sustaining the same had the effect of disposing of the case on its merits.[1]

██ In the case at bar, it is our opinion that the second amended complaint on which judgment was rendered, although similar to the original complaint and not a model of perfection, since the facts alleged are quite confusing, as a whole does not lack sufficient facts. We have decided that allegations in complaints for the recovery of wages should be construed liberally. *Cardona* v. *District Court*, 62 P.R.R. 59. And in *Díaz* v. *Sucrs. de F. Ortega & Co.*, 63 P.R.R. 239, we held, copying from the syllabus, that: "A complaint in an action for recovery of wages for overtime work, which alleges that plaintiff entered into a contract for lease of services with his employer at a weekly salary, and that during the time he worked said employer compelled him to work in excess of 8 hours daily, states a cause of action." In the case at bar plaintiff alleges those same facts: that he and defendant entered into a contract of sale, superintending, and carriage of products for a weekly salary of $15 plus 5% of the profits and that he was bound to work for more than eight hours every day.

██ ██ However, since in the second cause of action plaintiff alleges that he contracted a serious illness as a consequence of the excessive work which he was bound to do under José Rivera, formerly, and later under José Rivera and Quintín Collado, and that his illness was not reported to the Industrial Commission because defendants maintained that he was their partner and as such could not report his illness, the

---

[1] We have found no case construing Rule 41(*b*) of the Federal Rules involving the same situation as the present case.

lower court in dismissing the amended complaint stated that said allegation together with that about the aforesaid 5%, showed that plaintiff was defendants' partner and hence all his causes of action were groundless.

These allegations, without more, do not establish that there is a partnership for we have decided that " ... the mere fact that wages are paid in the form of a commission or percentage is not conclusive upon the question as to the existence of a partnership relation which is a matter of intention... " *White Star Bus Line* v. *W. R. Commission*, 36 P.R.R. 500, 504. Neither is the fact that it is alleged that defendants considered plaintiff as their partner.

*Sánchez Román* commenting on the partnership contract, where there is an industrial partner, and distinguishing it from the lease of services, states:

"A partnership contract having an industrial partner who contributes his work has a different meaning than the one *for lease of work or services,* because in the former case he renders his services as a contribution but with a certain independent character and without any personal subordination with respect to the other partner or partners, and simply as an obligation to the partnership; while in the latter case there is a manifest subordination on the part of the one who, under the contract of lease, was bound to render certain services to the other contracting party; besides, in this case he receives a *salary* or *compensation* and not a *share in the profits,* which is what corresponds to the former one as a partner. Even if the compensation for the lease of services should consist of a share in the fruits or product of the work, it would always depend, before determining whether it was a lease of services or a partnership, on the express will and deliberate intention of the contracting parties." 4 *Derecho Civil* 520 (2d ed.)

We are of opinion that the intention of the parties upon executing the contract referred to in the complaint may become evident when after the complaint is answered and a trial is had, the court may determine it according to the evidence introduced.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings.