RAÚL BERMÚDEZ, demandante y apelante, *v.* JOSÉ RIVERA y QUINTÍN COLLADO, demandados y apelados.

Núm. 9213.—*Sometido:* Diciembre 26, 1945.   *Resuelto:* Abril 30, 1946.

*L. Santiago Carmona,* abogado del apelante; *R. Rivara Zayas, E. Rivera Cestero* y *José R. Fournier,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de Bayamón, por considerar que contenía las mismas alegaciones que la primera demanda enmendada, la cual ya había resuelto no aducía hechos suficientes constitutivos de causa de acción, declaró con lugar una moción de los demandados y ordenó la eliminación de la segunda demanda enmendada radicada por el demandante. El demandante solicitó se dictara sentencia y en el presente recurso sostiene que la corte inferior erró al ordenar la eliminación de la segunda demanda enmendada y resolver que no aducía hechos suficientes.

Se trata de una acción que el demandante tituló como una sobre "Incumplimiento de convenios, reclamación de salarios no satisfechos y daños por enriquecimiento injusto." Fundamentalmente la acción es una en reclamación de salarios por horas extraordinarias y días de descanso trabajados sin percibir la compensación correspondiente. Si bien de acuerdo con nuestra decisión en el caso de *Laboy* v. *Saurí & Subirá,* 65 D.P.R. 422, la reclamación del demandante en cuanto a los días de descanso no puede prosperar, dicha reclamación es solamente una de las causas de acción alegadas.

██ La corte inferior basó su resolución ordenando la eliminación de la segunda demanda enmendada en el hecho de que ésta contenía las mismas alegaciones que la primera demanda enmendada, la cual ya había desestimado por no alegar hechos suficientes y citó los casos de *Sucn. Vélez* v. *Vélez*, 23 D.P.R. 617, y *Mazarredo et al.* v. *García*, 31 D.P.R. 771. Estos casos no son aplicables. En el primero las acciones que se ejercitaban estaban prescritas y además había un defecto de partes en la demanda. Concedido permiso para enmendar por la corte, los demandantes sólo enmendaron el defecto de partes existente y no tomaron acción alguna en cuanto a la prescripción. No puede haber duda de que conteniendo la nueva demanda el mismo error fatal que la primera, debía eliminarse también.

En el de *Mazarredo* se resolvió que procede la eliminación de una demanda enmendada cuando es sustancialmente igual a la original y que una orden a ese efecto y condenando en costas y honorarios tiene el carácter de una sentencia final. En ambos casos se citó el de *Hays* v. *Peavey*, 86 Pac. 170, como autoridad para sostener que una moción para eliminar una demanda enmendada por el fundamento de que expone los mismos hechos alegados en la demanda original es equivalente a una excepción previa. Así es en efecto. En dicho caso se dijo:

"Sin embargo, no obstante el hecho de que la demanda enmendada no alegó ningún hecho material nuevo, creemos que debió considerarse en sus méritos y que su suficiencia es revisable por nosotros . . . La moción para eliminar por el fundamento expresado equivale a una excepción previa a la demanda enmendada y la orden concediéndola fué en efecto declarar con lugar una excepción previa . . . Encontrando que la demanda enmendada aduce una causa de acción, sostenemos que fué error ordenar su eliminación."

El caso de *Hays* v. *Peavey* ha sido ratificado posteriormente en los casos de *Port of Seattle* v. *Fidelity & Deposit Co.*, 53 P.2d 740 (distinguido) ; *Magee* v. *Cohn et al*, 59 P.2d

1131; *Paramount Publix Corp.* v. *Boucher,* 19 P.2d 223; *Aetna Life Ins. Co.* v. *Phillips,* 69 F.2d 901 (C.C.A. 10thCir.).

Es cierto que el caso de *Hays* v. *Peavey,* y los otros citados, fueron resueltos antes de estar en vigor las nuevas Reglas de Enjuiciamiento Civil y que los demandados en este caso solicitaron la eliminación de la segunda demanda enmendada y que se desestimara la acción basados en la Regla 41 (b) que, en lo pertinente, dispone que: ''Si el demandante dejare de proseguir la acción o de cumplir con estas Reglas o con cualquier orden de la corte, un demandado puede solicitar la desestimación de la acción o de cualquier reclamación contra él.'' Empero la misma subdivisión, a su final, dice que: ''A menos que la corte en su orden de desestimación lo especifique de otro modo, una desestimación bajo esta subdivisión y una desestimación no provista por esta Regla—excepto la que se hubiera dictado por falta de jurisdicción—*tienen el efecto de una adjudicación en los méritos.''* (Bastardillas nuestras.)

De acuerdo con los hechos de este caso la moción eliminatoria y sobre desestimación de la demanda bajo la Regla 41 (*b*), tiene el mismo efecto que una excepción previa ya que la resolución de la corte, al declararla con lugar, tuvo el efecto de adjudicar los méritos del caso. (¹)

■■ En el caso de autos la segunda demanda enmendada sobre la cual se dictó sentencia, a pesar de que es similar a la anterior y no es un modelo de perfección, ya que los hechos alegados son bastante confusos, no creemos que en su totalidad deje de aducir hechos suficientes. Hemos resuelto que las alegaciones en las demandas sobre reclamación de salarios deben interpretarse liberalmente. *Cardona* v. *Corte,* 62 D.P.R. 61. Y en el caso de *Díaz García* v. *Sucrs. de F. Ortega & Co.,* 63 D.P.R. 249, resolvimos, copiando del sumario, que: ''Una demanda en cobro de salario por trabajo extra que alegue que el actor celebró un contrato de servicios con su pa-

---

(¹)No hemos encontrado ningún caso interpretando la Regla 41(*b*) de las Reglas Federales que envuelva la misma situación del caso presente.

trono por un sueldo semanal y que durante el tiempo en que trabajó para dicho patrono éste lo obligó a trabajar en exceso de las ocho horas diarias, aduce causa de acción.'' En el caso de autos el demandante alega esos mismos hechos: que celebró con el demandado un contrato de venta, vigilancia y acarreo de productos por un sueldo semanal de $15 más el 5 por ciento de las ganancias y que se le obligó a trabajar durante más de ocho horas diarias.

■■ Empero, como en la segunda causa de acción el demandante alega que contrajo una grave enfermedad como consecuencia del trabajo excesivo a que le sometían José Rivera, primero, y posteriormente José Rivera y Quintín Collado, y que no fué informada la enfermedad a la Comisión Industrial porque los demandados sostenían que era su socio y como tal no podía reportarse su enfermedad, la corte inferior, al declarar sin lugar el proyecto de demanda enmendada, dijo que esta alegación unida a la del 5 por ciento antes mencionado demostraba que el demandante era un socio de los demandados y que siendo esto así se caían todas sus causas de acción.

Estas alegaciones, sin más, no dejan establecido que existe una sociedad pues hemos resuelto que ''. . . el mero hecho de que se paguen salarios en forma de comisión o de tanto por ciento no es concluyente de la existencia de una sociedad, que es cuestión de intención . . .'' *White Star Bus Line* v. *Comisión de Indemnizaciones a Obreros*, 36 D.P.R. 555, 560. Tampoco lo es el hecho de que se alegue que los demandados consideraban al demandante como su socio.

Comentando Sánchez Román sobre el contrato de sociedad en el cual hay un socio industrial y distinguiéndolo del de locación de servicios, dice:

''El contrato de sociedad en el que hay algún socio industrial que aporte su trabajo, es también idea distinta del de *locación de servicios,* porque en el primer caso debe su trabajo como prestación social, pero con cierto carácter independiente y sin subordinación personal alguna respecto del otro u otros socios, y sí sólo como obli-

gación respecto de la entidad social; mientras que en el segundo hay una manifiesta subordinación del que por el contrato de locación de obra se obligó a ciertos servicios respecto del otro contratante, además de que lo que en este caso percibe será en el concepto de *salario o retribución*, y no en el de *participación de ganancias*, que en el primero, por su carácter de socio, le corresponde. Aun en el caso de que la merced de la locación de servicios consistiera en una participación en los frutos o resultados de ese trabajo, habría que estar siempre, para determinar si era locación o sociedad, a lo que resultara ser la expresa voluntad y manifiesta intención de los contratantes." 4 Derecho Civil 520 (2da. ed.)

Somos de opinión que la intención de las partes al celebrar el convenio a que se refiere la demanda podrá quedar demostrada cuando, contestada la demanda y celebrado el juicio correspondiente, la corte pueda determinarla de acuerdo con la prueba presentada.

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos.*