Sucesión Vélez et al., Demandantes y Apelantes, *v.* Vélez et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Aguadilla en causa sobre reivindicación de finca rústica, nulidad de expediente posesorio, escrituras e inscripciones en el registro.

No. 1367.—Resuelto en marzo 17, 1916.

Demanda Enmendada—Eliminación—Sobreseimiento de la Acción—Excepciones—Errores o Equivocaciones.—Una moción para que se elimine una demanda enmendada y para que se dicte sentencia decretando el sobreseimiento del pleito, fundada en que es una reproducción exacta de la original desestimada, y que no corrige los errores o equivocaciones existentes, equivale a una excepción.

Id.—Excepciones Previas—Nulidad—Acción de Nulidad—Defecto de Partes—Prescripción.—Dictada resolución sobre excepciones previas declarando prescritas ciertas acciones de nulidad ejercitadas, y por defecto de partes demandadas, si la adición que contiene la demanda enmendada sólo tiende a subsanar el defecto de partes demandadas y no se alega ningún hecho que desvirtúe la declaración de prescripción no es bastante para entender enmendada la demanda.

Id.—Alegaciones Enmendadas—Errores o Equivocaciones—Falta de Corregirlos—Eliminación—Renuncia.—Enmendar una alegación es corregir sus errores o equivocaciones y cuando esto no se hace así no puede sostenerse que hay alegación enmendada, y la corte estará justificada para prescindir de ella o para eliminarla y para continuar con el pleito como si la parte hubiera renunciado a utilizar el derecho que se le dió para enmendar.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. *Carlos Franco Soto.*

Abogado de los apelados. *Sr. José de Diego.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

A virtud de excepciones opuestas en este caso por los demandados la Corte de Distrito de Aguadilla dictó resolución declarando que estaban prescritas ciertas acciones de nulidad que los apelantes ejercitan en su demanda y que había defecto de partes demandadas y desestimó la demanda, aunque concedió permiso para que fuera enmendada. Presentaron entonces los demandantes una nueva demanda igual a la anterior con excepción de que contiene una alegación nueva con el objeto de subsanar el defecto de partes demandadas y que en otra se agregan algunas palabras que en nada alteran el alcance de la correspondiente de la demanda original.

En este estado el pleito los demandados solicitaron de la corte que eliminase la demanda enmendada y que dictase sentencia decretando el sobreseimiento y, después de alegar en contra los demandantes, la corte declaró con lugar la moción, dictó sentencia desestimando la demanda y ordenó que ésta se registrara en el libro de sentencias.

Interpuesto por los demandantes este recurso de apelación no alegan error alguno contra la sentencia y se limitan a proponer a nuestra resolución como única cuestión la de si la corte inferior tiene facultad para eliminar su demanda enmendada y dictar sentencia desestimando su pleito, sin que la demanda enmendada fuera excepcionada por los demandados.

La cuestión propuesta por la moción de los demandados equivalía a una excepción a la demanda enmendada *(Hays v. Peavey,* 43 Wash. 163, 86 Pac. 170 citado en 31 Cyc. 461) ya que su fundamento fué que era una transcripción exacta de la original porque el nuevo hecho alegado, si bien puede afectar al defecto de partes demandadas, no así a los otros elementos jurídicos apreciados por la corte para declarar

prescritas las acciones de nulidad de las ventas a que se refiere la demanda.

La sola adición que contiene la segunda demanda puede subsanar el defecto de partes demandadas que la corte declaró existir, pero no habiéndose hecho otras enmiendas queda subsistente la declaración que hizo la corte inferior de estar prescritas las acciones de nulidad que respecto de dos ventas se ejercitan en la demanda, y por tanto aquella adición no es bastante para entender enmendada la demanda porque si no se alega algún hecho que desvirtúe la declaración de prescripción de la acción declarada por la corte, poco importa que se adicione la demanda para demostrar que han sido demandados todos los que deben ser parte en el pleito.

Además, cuando una corte concede permiso a una parte para presentar una alegación enmendada, la nueva no puede ser una reproducción exacta de la anterior o con tan ligeros cambios que en verdad no corrijan los errores o equivocaciones de la anterior. Enmendar una alegación es corregir sus errores o equivocaciones y cuando esto no se hace no puede sostenerse que hay alegación enmendada y la corte estará justificada para prescindir de ella o para eliminarla y para continuar con el pleito como si la parte hubiera renunciado a utilizar el derecho que se le dió para enmendar; y como en este caso la corte había desestimado la demanda, aunque concediendo permiso para enmendarla, no habiéndose hecho la enmienda, el juez estuvo justificado para continuar el procedimiento y para ordenar que su resolución desestimando la demanda, que había quedado en suspenso, se registrara como sentencia.   31 Cyc. 358.

Habiendo limitado los apelantes su recurso de apelación por su alegato a la única cuestión que hemos considerado y resuelto en su contra, debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.