Antonio Díaz García, demandante y apelante, *v.* Sucrs. de F. Ortega & Co., demandada y apelada.

Núm. 8767.—*Sometido:* Diciembre 24, 1943. *Resuelto:* Marzo 7, 1944.

*Fernández García & Fernández Méndez* y *Juan A. Faría,* abogados del apelante; *Damián Monserrat, Jr., Gabriel de la Haba* y *Rafael Baragaño, Jr.,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de un caso de reclamación de salarios por concepto de horas extras de trabajo. En la demanda enmendada radicada por el apelante en la Corte de Distrito de San Juan donde se inició la acción, se alegó lo siguiente:

"2. Que el demandante *celebró un contrato de servicios* con la demandada allá por el mes de febrero de 1939 hasta el 20 de junio de 1942, por el sueldo de $9 semanales.

"3. Que durante el período comprendido desde el 19 de febrero de 1939 y hasta el 20 de junio del año 1942, el demandante *fué obligado* por su patrono a trabajar en exceso de 8 horas durante todos y cada uno de los días trabajados durante el referido período de tiempo por el demandante para el demandado, habiendo trabajado durante todos y cada uno de los días comprendidos en ese período, un total de *12 horas diarias.* Que durante el período comprendido entre el 19 de febrero de 1939 y hasta el día 9 de agosto del año 1941, el demandante trabajaba 7 días a la semana y 12 horas cada uno de esos días, y durante el período comprendido entre el 10 de agosto de 1941 y el 20 de junio de 1942 el demandante trabajaba 6 días cada semana y 12 horas cada día, haciendo un total de 4,700 horas extra trabajadas por el demandante como obrero empleado de la demandada durante ambos períodos. Que el demandante percibió durante los períodos comprendidos entre el 19 de febrero de 1939 y el 20 de junio de 1942, *un jornal de $9 por 48 horas de trabajo semanales,* no habiéndole pagado el demandado al demandante jornal o salario alguno por las 4,700 horas trabajadas por el demandante para el demandado durante ese período, y adeudándole por tanto el demandado al demandante un total de $1,645 por concepto de salarios adeudados a éste por las horas extra trabajadas durante el referido período de tiempo, de acuerdo con la Ley núm. 49 de 7 de agosto de 1935 de la Legislatura Insular de Puerto Rico." (Bastardillas nuestras.)

El patrono demandado interpuso excepciones previas contra esta demanda alegando, 1, que no aduce hechos constitutivos de causa de acción, y 2, que la reclamación está prescrita en cuanto al importe de todas las horas extras trabajadas con anterioridad al período comprendido en el primer año inmediatamente anterior a la fecha de la radicación de la demanda, a tenor con el inciso 2 del artículo 1868 del Código Civil vigente.

La corte inferior, por su Juez Sr. Jorge L. Córdova, declaró con lugar la primera de dichas excepciones, a virtud de una resolución que, en lo pertinente, dice así:

"Alega la demanda que el demandante y la demandada *celebraron un contrato* de servicios en febrero de 1939, conviniéndose en que se pagaría al demandante un sueldo de $9 semanales. Pasa a alegar la demanda que el demandante fué requerido a trabajar a razón de doce horas diarias por siete días cada semana, haciendo un total de 4,700 horas trabajadas en exceso de ocho diarias. Pide el demandante se condene a la demandada a pagarle un total de $1,645 por concepto de las 4,700 horas trabajadas como se ha dicho.

"Según hemos resuelto en el día de hoy en el caso de José Chabrán Gómez *v.* Bull Insular Line, Inc., Civil núm. 40890, *en ausencia de un contrato,* el demandante no tiene derecho a ser remunerado por más de nueve horas de trabajo al día. *La demanda no alega la existencia de tal contrato.* Expone, por lo tanto, una causa de acción por sólo $411.25, a lo sumo, cantidad inferior a la que se necesita para conferir jurisdicción a esta Corte.

"Por los fundamentos expuestos, se declara con lugar la excepción previa de falta de hechos constitutivos de causa de acción y *se concede al demandante un plazo de 10 días para radicar demanda enmendada.*"

El demandante no enmendó su demanda y solicitó se dictara sentencia, lo que hizo la corte inferior por su Juez Sr. Ricardo La Costa, Jr., desestimando la demanda con costas. El demandante apeló y alega que la corte inferior erró al declarar con lugar la excepción previa de falta de causa de acción y al declararse sin jurisdicción por motivo de la cuantía reclamada.

La conclusión a que llegó la corte inferior por su Juez Sr. Córdova, de que en la demanda no se alegó la existencia de un contrato y que en ausencia del mismo el demandante no tiene derecho a ser remunerado por más de nueve horas de trabajo, es errónea. Aparentemente la resolución de la corte inferior sostiene que el demandante debió alegar que el contrato con su patrono era por las doce horas diarias que trabajó para entonces tener derecho a reclamar la compensación por las horas extras. De acuerdo con lo resuelto en el caso de *Cardona* v. *Corte,* 62 D.P.R. 61, y el ejemplo que a la página 98 expusimos, si los términos del contrato fueran los que exigió la corte inferior que se alegaran, el demandante no tendría derecho a reclamar nada más que por la novena hora trabajada.

Admitimos que la demanda en este caso no es un modelo de perfección, empero, en ella se alegó que el demandante celebró un contrato de servicios con la demandada por un sueldo de $9 semanales y que durante el período en que trabajó el demandante se *le obligó* por el demandado a trabajar en exceso de ocho horas diarias. Estas alegaciones, *prima facie,* son suficientes para constituir una causa de acción. Son similares a las contenidas en la querella en el caso de *Justo Muñoz Colón* v. *Corte de Distrito de Ponce,* resuelto en el día de hoy (ante, pág. 236), en la cual se alegó que el patrono se obligó a pagar al obrero "un salario semanal de cinco dólares por siete días de ocho horas de trabajo" pero que el patrono obligó al obrero a trabajar horas extras sin remunerarlo por las mismas. No obstante estas alegaciones la prueba en dicho caso demostró que el contrato no fué por ocho horas de trabajo sino que incluía todas las horas extras que el obrero alegó había trabajado y, aplicando la regla establecida en el caso de *Cardona* v. *Corte,* supra, resolvimos que el obrero sólo tenía derecho a reclamar y obtener la compensación extra por la novena hora de cada día trabajado por él.

El caso de autos no ha sido visto en su fondo y, por tanto, no se ha practicado prueba alguna. Si el demandante, de

acuerdo con las alegaciones de su demanda, puede probar que el contrato celebrado por él con su patrono fué por ocho horas de trabajo y que *fué obligado* a trabajar doce horas diarias, tendrá derecho a ser compensado por las horas extras trabajadas de acuerdo también con lo resuelto en el caso de *Cardona,* supra, es decir, doble compensación por la novena hora y compensación sencilla por las demás horas. Si por el contrario la prueba demuestra que, no obstante lo alegado en la demanda, el contrato incluía todas las horas trabajadas, el demandante sólo podría obtener compensación por la novena hora, según hemos resuelto tanto en el caso de *Cardona* como en el de *Muñoz Colón,* supra.

*La demanda en el presente caso aduce hechos suficientes y, en su consecuencia, debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos de acuerdo con esta opinión.*