[No. 18600.   Department Two.   August 28; 1924.]

SUNSET MOTOR COMPANY, *Plaintiff and Respondent*, v.
ALLING WOODRUFF, *Defendant and Appellant*,
MARYLAND CASUALTY COMPANY, *Appellant.*[1]

PLEADINGS (205)—DEMURRER—WAIVER—AMENDMENT.  Error in
overruling demurrers and motions against pleadings is waived by
the filing of amended pleadings.

EVIDENCE (200)—OPINION EVIDENCE—QUALIFICATIONS OF MECHAN-
ICS.  Upon an issue as to the unskillful character of repairs and
mechanical work on an automobile, it is competent for expert auto-
mobile mechanics to testify that those who did the work were
skilled mechanics.

WORK AND LABOR (14)—PERFORMANCE OF CONTRACT—EVIDENCE—
SUFFICIENCY.  That certain repair work on an automobile was un-
skillfully done is not shown by testimony of the owner, who was
not a mechanic, that the car would not run satisfactorily, it ap-
pearing that there had been trouble with it from the start and it
may have been that the motor was not a good one and that other
repairs should have been made.

TRIAL (101)—INSTRUCTIONS—REQUESTS.  Error cannot be predi-
cated on the refusal of requested instructions that were covered
by others given.

INDEMNITY (7)—BONDS—ACCRUAL OF LIABILITY.  Judgment can-
not be taken against sureties on a bond given to relieve from a de-
fault where the sureties were not parties to the action and the ob-
ligation of the bond, which was not a statutory bond, was to pay
all costs and judgments that might be recovered against the princi-
pal in the bond.

Appeal from a judgment of the superior court for
King county, Lindsley, J., entered November 24, 1923,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on contract.  Affirmed as to de-
fendant Woodruff; reversed as to defendant Maryland
Casualty Company.

*Roberts & Skeel* and *Tyre H. Hollander*, for appel-
lants.

*Patterson & Patterson*, for respondent.

[1]Reported in 228 Pac. 519.

Bridges, J.—The defendant Woodruff was having trouble with his automobile and took it to the plaintiff to be repaired. The latter did considerable work and charged $309.10 therefor, which Mr. Woodruff paid. A little later the car was returned to the shop for further repairs, which were made and a charge of $76.95 was also paid. Later still, the car was again taken to the plaintiff and additional repairs were made, for which a charge of $513.92 was made. This last bill Mr. Woodruff refused to pay, and this suit resulted. There were an original and a first, second and third amended answers and cross-complaints, and the trial was finally had upon the latter. In it Mr. Woodruff alleges that, after paying the first bill, he learned that the work which had been done was unskillful and of no value, and that, after he had paid the second bill, he learned that the repairs for which that charge was made were unskillful and of no value. He further alleged that, when he took the car back for the third time, he complained about the previous work and the plaintiff agreed to put the machine in good operating condition without any further expense to him; and that, in any event, the work done for which the charge sued on was made was also unskillful and worthless.

While the pleadings are long, boiled down they simply amount to this: The plaintiff seeks $513.92 for the last work done, and the defendant seeks to defeat that claim on the ground that he was not to pay for the work, and also because it was worthless, and by his cross-complaint he seeks to recover the sums previously paid by him for repairs, on the ground that the work therefor was unskillful and valueless.

At the close of the case, the court refused to permit the jury to consider the cross-complaint and submitted only the question whether plaintiff was entitled to re-

cover on the demand of its complaint. A verdict having been rendered in favor of the plaintiff, the defendant has appealed.

It appears that the court sustained various motions and demurrers to the original and the first and second amended answers and cross-complaints and this is the first error assigned. It is our opinion that the appellant Woodruff is not in position to take advantage of any such alleged errors. He waived all of them by filing amended pleadings and the only pleading now before us is the third amended answer and cross-complaint, on which the trial was had. *Goshert v. Wirth, ante* p. 14, 226 Pac. 124.

It is next claimed that the court erred in permitting certain expert automobile mechanics to testify that they were acquainted with certain other mechanics who had previously done repair work on appellant's car, and that they were skilled mechanics. We can see no valid objection to this testimony. The character of the work having been attacked, it was entirely proper that respondent should show that its work had been skillfully done, and one way of proving that was to show that the mechanics who did the work were skillful.

Complaint is made that the court refused to permit the jury to consider the cross-complaint. It will be remembered that by it the appellant sought to recover certain previous payments he had made to respondent on account of repairs, which it was alleged were unskillfully made and were valueless. The reason given by the court for withdrawing the cross-complaint from the consideration of the jury was that there was no substantial testimony in support of it. A reading of the testimony convinces us that the ruling of the court was correct. That the repair work was done, there is no question. The appellant's testimony was to the effect that he had been having a great deal of trouble

with his car over a period of several months. He thought the motor a poor one from the start. After the repairs had been made, there were rattles and he thought something was wrong with the differential, and the engine would heat up after a drive of a few miles. He admitted that the car had been in some accidents, and repairs on that account had been made by respondent. He admitted that he was not a mechanic and did not know much about cars, except to operate them. His strongest testimony in favor of his cross-complaint was his conclusion that the repairs were worthless, because after they were made the car would not run satisfactorily. But there was not a word from anyone that the repairs were unskillfully done. All that was testified to simply tended to show that respondent should have made other repairs. This falls far short of substantial testimony that the repair work was unskillfully done.

Complaint is made concerning certain instructions given by the court and the refusal to give those requested by the appellant. All proper instructions requested were, in substance, covered by those given. After the cross-complaint had been withdrawn from the consideration of the jury the issues were exceedingly simple, and the instructions given very fully and clearly and correctly covered the law and informed the jury of the issues it was to consider.

The last complaint is that the court erred in entering judgment against the appellant Maryland Casualty Company. This appellant got into the matter in this fashion: The appellant Woodruff for some reason went into default in the early stages of the case and judgment was taken against him. The court made an order setting aside the default if the appellant would give a bond for any costs and judgment which might

be entered against him.  The bond was given and the case proceeded as though the default judgment had not been taken.  The bond, after reciting the facts concerning the suit and default judgment, and the order setting aside the latter, says:

"Now, therefore, if said principal shall pay to Sunset Motor Company, the plaintiff above named, all costs and judgments that may be recovered against the principal herein in the above entitled action, not exceeding the sum of $600, then this obligation shall be void, otherwise to remain in full force and effect."

We think the court erred in entering judgment against the bonding company.  It was not a party to the action.  The bond is not a statutory one.  It goes no further than to agree to pay the judgment in the event the principal fails to do so.  The principal not having failed to pay, the conditions of the bond are not violated.  Recourse can be had to the bond only after the principal has failed to pay the judgment.

Inasmuch as the greater portion of the costs involved in this appeal have no relation to the appeal of the bonding company, we think that costs in its favor should be $35.  All steps in the appeal have been joined in by both appellants.

The judgment is reversed and the cause remanded with directions to vacate the judgment as to the bonding company.  Its costs here shall be taxed at $35.  Other costs on this appeal will run against the other appellant, against whom the judgment is affirmed.

MAIN, C. J., FULLERTON, PEMBERTON, and MITCHELL, JJ., concur.