**LANGDON, Appellee, v. CINCINNATI STREET RAILWAY COMPANY, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6333. Decided December 6, 1943.

278

Geismar & Doyle, Cincinnati, for appellee.
Leo J. Brumleve, Jr., Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

This action for damages on account of personal injuries arose out of a collision between an automobile in which the plaintiff was riding as a guest and a trolley bus of the defendant. The collision occurred in the intersection of Kirby Avenue and Chase Avenue, two public streets in the City of Cincinnati. The automobile in which the plaintiff was riding was proceeding north on Kirby Avenue. The defendant's trolley bus was proceeding westwardly on Chase Avenue. The collision occurred about four o'clock in the morning. There were traffic control devices installed at the intersection designed to control the flow of traffic by exhibiting different colored lights. At the time these vehicles were approaching and entering the intersection, the only light that was being displayed was yellow and it was flashing on and off.

There was a verdict for the plaintiff and judgment was rendered in conformity to it for the plaintiff. The appeal is from that judgment.

Various errors are assigned which we shall consider.

(1) The defendant, before argument to the jury, presented four special charges in writing, with the request that the jury be so instructed before argument. The request was refused and this is assigned as error. These special charges are:

"Special Charge No. 1. The court charges you that the trolley bus which was proceeding on Chase Avenue to the right of the automobile of Lillian Schaefer had the right of way to cross the intersection of Chase and Kirby Avenues in advance of the automobile of Lillian Schaefer while traveling in a lawful manner."

"Special Charge No. 2. The court charges you that, if you find that the driver of the automobile in which plaintiff was riding was proceeding across the intersection under such circumstances that she may have been required to stop to concede the right of way to the approaching bus, then she was required by law to proceed at a speed sufficiently slow to stop promptly the automobile which she was operating and thus not cross the path of the motor bus having the right of way."

"Special Charge No. 3. The court charges you that the term 'right of way' means the right of a vehicle, street car, trackless trolley, or pedestrian to proceed uninteruptedly in

a lawful manner in the direction in which it or he is moving in preference to another vehicle, street car, trackless trolley, or pedestrian approaching from a different direction into its or his path."

"Special Charge No. 4. The court charges you that the driver of an automobile proceeding across an intersection under such circumstances that he may be required to stop and concede the right of way must proceed at a speed sufficiently slow to stop promptly the vehicle which he is operating, and thus not cross the path of the vehicle having the right of way."

An examination of the general charge discloses that the court instructed the jury that the rule of conduct for both parties was the exercise of reasonable care. We are informed by counsel that the trial court refused the special charges and instructed the jury as it did on the theory that the provision in §6307-15 GC, with reference to flashing yellow traffic signals rendered inoperative in this case those statutory provisions relating to right of way at intersections, specifically §6307-40 GC. Eliminating non-essential portions, those sections are:

"Whenever flashing red or yellow traffic signals are used they shall require obedience as follows:
\* \* \*
"2. Flashing yellow (caution signal). Operators of vehicles, trackless trolleys and street cars may proceed through the intersection or past such signal only with caution."

"Excepting where otherwise provided the operator of a vehicle, street car or trackless trolley shall yield the right-of-way at an intersection to a vehicle, street car or trackless trolley approaching from the right."

That these special charges contain correct statements of the law is not disputed. The claim is that they are inapplicable.

The contention of the appellee is that §6307-40 GC, is inoperative by its own terms, when there is another provision, and that §6307-15 GC, is such other provision, establishing the single rule applicable to all of proceeding with caution through intersections. We cannot concur in this view. For §6307-15 GC, to supersede §6307-40 GC, they must be irreconcilable. There must be an impossibility of operating in the same situation and there is no such impossibility.

Notwithstanding, the flashing yellow lights, some specific rules must control in intersections, unless they are excluded

from the reign of law altogether. **Sec. 6307-15 GC**, at most establishes the rule of reasonable care, long since rejected as inadequate. And the General Assembly has always regarded it as entirely practical to superimpose a specific statutory rule upon a common law foundation. Indeed, the various codes and restatements of the law have demonstrated the impracticability of doing otherwise.

It is our opinion that the trial court was wrong in his conclusion as to the exclusive operation of §6307-15 GC, and, therefore, prejudicial error was committed in refusing to give the special charges and in charging generally on that assumption.

(2) The court refused to charge on contributory negligence as requested by the defendant in a special charge and that is assigned as error.

The plaintiff was sitting beside the driver of the automobile in which she was riding. She was nearer the defendant's approaching trolley bus than the driver and she testified that she watched this bus approach and enter the intersection and collide with the automobile in which she was riding, without doing anything by way of warning or otherwise to avoid it. She also was conscious that the automobile in which she was riding was approaching the point of collision in the path of the defendant's trolley bus.

Of course, a guest has no immunity from the consequence of failure to exercise ordinary care under the circumstances. 5 Am. Jur., 889. And, we think, the evidence presents an issue of fact as to whether the plaintiff's conduct satisfied that standard. But that is not the question presented by this record. It is not whether a charge on the subject of contributory negligence was appropriate, but whether the charge submitted by the defendant presented a correct statement of the law on the subject. That special charge was:

"Special Charge No. 5. The court charges you that the plaintiff, as a passenger in the automobile, was required to exercise ordinary care for her own safety and to reasonably use her faculties of sight and hearing to observe and avoid the dangers incident to crossing the intersection of Chase and Kirby Avenues, and, if you find that she failed so to do and that such failure directly contributed in the slightest degree to the cause of her injury, then the plaintiff cannot recover and your verdict must be for the defendant, the Cincinnati Street Railway Company."

Counsel relies on **Hocking Valley Ry. Co. v. Wykle, 122 Oh St 391**, as authority for this charge and quotes from the

opinion to demonstrate it. We do not think the quotation supports his position, particularly in view of the fact that the court held that the trial court did not err in refusing to give these special charges:

" 'It was the duty of the plaintiff, riding in the Ford automobile, to use ordinary care in the exercise of his own faculties in looking and listening for a train as the automobile approached the crossing, and such looking and listening should have been at such time and place and in such manner as would be effective to accomplish the ends designed thereby.' "

" 'It was the plaintiff's duty to use his senses of sight and hearing to avoid injury to himself when he was about to go upon the grade crossing, which is admittedly a place of danger. The time to use these senses for his own protection was just before going into the zone of danger, and it was the plaintiff's duty to look and listen in such a manner as would make the use of these senses effective.' "

At page 396, the court stated its conception of the correct rule in these words:

" 'While the law requires a guest in an automobile to exercise ordinary care and prudence for his own safety, and does not permit him to intrust his safety absolutely to the driver, regardless of impending danger or apparent lack of ordinary caution on the part of the driver, it does not require him to use the same vigilance as is required of the driver, nor put him under the same obligation to look for danger as is the driver ⁴ * * * *. It is a matter of common knowledge that under ordinary circumstances such occupants do largely rely upon the driver, who has the exclusive control and management of the vehicle, exercising the required degree of care, and for that reason courts are not justified in adopting a hard and fast rule that they are guilty of negligence in doing so. Every case must depend upon its own particular facts. ' "

The answer does not contain the defense of contributory negligence. It was raised, as frequently happens, by the evidence. The defendant did not request the court to formulate an issue on contributory negligence and charge generally on that issue. Failure so to do under such circumstances is waived. 29 **O Jur**, 758, et seq. A general exception is not sufficient to call the omission to the court. A special request must be made. 2 **O Jur**, 910.

We find no error in refusing to give the special charge or in failure to charge on contributory negligence in the general charge.

(3) The court incorporated in its general charge all of §12603 GC, except the penalty provision. By so doing, the court submitted to the jury certain rules of law that were entirely irrelevant to any issue in the case. Counsel complains particularly of the submission of that portion of the section that relates to the assured clear distance. It is true that neither the pleadings nor the evidence presented that issue. However, we would be required to consider carefully the whole record before reversing a judgment because the court read an entire section of a statute, when only a part was relevant. As this judgment must be reversed, we call attention to the error, without determining whether it, of itself, would be so prejudicial as to require a reversal.

(4) Counsel points to certain language in the charge and characterizes it as an attempt to charge on the last clear chance doctrine, when the evidence presented no such issue. It is true that no such issue was presented, but as we construe the language, it is not a charge on that subject. It contains no reference to the plaintiff being in a position of peril through her own negligence or a statement of the circumstances under which she might recover notwithstanding that negligence. It is a general statement of duty upon both in the presence of imminent peril.

We find no error in the charge in this respect.

(5) Finally, counsel contends that the court erred when it gave an instruction on the subject of the duty in relation to sounding a horn or other warning signal in answer to a question submitted by the jury after its retirement. The claim is that the question should have been answered affirmatively or negatively without explanation.

We think the court was not so limited and that its instruction in answer to this interrogatory was a correct statement of the law, applicable to a motor vehicle approaching an intersection at which a flashing yellow light warned the operator to exercise caution.

We find no other prejudicial error.

For these reasons, the judgment is reversed, and the cause remanded for a new trial.

ROSS, P. J., and HILDEBRANT, J., concur.