[No. 32770. Department Two. September 24, 1954.]

KING COUNTY, *Appellant*, v. LOUIS SUTTER *et al.*, *Respondents*.[1]

*Charles O. Carroll* and *Paul C. Gibbs*, for appellant.

*Mifflin & Mifflin* and *Rummens, Griffin, Short & Cressman*, for respondents.

[1] Reported in 274 P. (2d) 347.

SCHWELLENBACH, J.—July 19, 1943, King county leased certain real property from the Sutters. At that time, the parties entered into a written agreement entitled "Lease and Agreement for Sale of Gravel." The lease provided for the construction of bunkers and sheds and the installation of necessary equipment for the operation of a gravel pit. King county went into possession on or about July 19, 1943, and continued in possession until October 30, 1949, although the lease, by its terms, expired July 19, 1948. When King county discontinued the use of the real property, there remained on the premises considerable equipment which it had placed there for the operation of the gravel pit.

The Sutters refused to permit the county to remove the equipment, and an action in replevin was commenced, asking judgment for recovery of the personal property, or for the sum of $1,636.36, its value. Plaintiff also asked for damages for the use of the property at the rate of $85 per month, from November 1, 1949, until the date of its delivery to the plaintiff. The complaint alleged that the plaintiff, after the termination of the lease on July 19, 1948, continued to operate under the terms of the lease with the oral consent and permission of the defendants. Although paragraph III of the complaint alleged "that said lease was a written agreement, a copy of which is attached hereto marked Exhibit 'A' and by reference made a part of this Complaint", a copy of the lease was not attached to the complaint.

Defendants moved to quash, moved to make certain portions of the complaint more definite and certain and to strike certain portions, and demurred on four grounds: (1) that the court had no jurisdiction of the person of the defendants or of the subject matter of the action; (2) that several causes of action had been improperly united; (3) that plaintiff's complaint did not state facts sufficient to constitute a cause of action against the defendants or either of them; and (4) that the action had not been commenced within the time limited by law.

The motions and demurrer came on for hearing July 22, 1952, before Honorable James W. Hodson, one of the judges

sitting in King county. He permitted the defendants to add as an additional ground of demurrer "that the plaintiff has no legal capacity to sue." The court entered an order granting the motion to quash all proceedings taken by plaintiff pursuant to the affidavit for replevin and bond and sustaining the demurrer. July 24, 1952, the plaintiff filed a petition for rehearing. This petition was denied September 8, 1952, by Judge Hodson.

However, on July 25, 1952, plaintiff served and filed an amended complaint. October 7, 1952, defendants moved to strike the amended complaint, moved to strike certain portions thereof and to make certain portions more definite and certain, and demurred. This matter came before Honorable Theodore S. Turner, another judge sitting in King county, on June 29, 1953. His order provided:

" . . . the Court having heard and considered argument on behalf of the respective parties and having examined the original and amended complaints and finding the amended complaint is in no substantial particular different from the original complaint to which Demurrer was sustained by Judge James Hodson

"Now, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED:

I.

"The motion of defendants to strike the plaintiff's Amended Complaint be and the same is hereby granted and said Amended Complaint be and the same is hereby stricken, *for the reason above recited.*" (Italicized portion added in the trial court's handwriting.)

November 6, 1953, Judge Hodson ordered the action and the original and amended complaints dismissed with prejudice. This appeal follows. On the appeal, respondents are represented by counsel who did not represent them before the trial court.

Assignment of error No. 1 is that the trial court erred in sustaining defendants' special appearance and granting motion to quash. This assignment was evidently abandoned, because in its reply brief it stated:

"The instant case is before this court on an appeal from the judgment of dismissal calling into review the order

granting defendants' motion to strike plaintiff's amended complaint."

■ Assignment No. 2 is that the court erred in denying plaintiff's petition for rehearing. When appellant filed its amended complaint, it thereby waived its right to complain of any claimed error in ruling on the original complaint. *Prescott v. Puget Sound Bridge & Dredging Co.*, 31 Wash. 177, 71 Pac. 772; *Sunset Motor Co. v. Woodruff*, 130 Wash. 516, 228 Pac. 519. We shall consider only the assignments of error contending that the trial court erred in granting the motion to strike the amended complaint and in dismissing the action with prejudice.

The amended complaint and the original complaint were identical in most respects. However, there was attached to the amended complaint and made a part thereof, as exhibit "A", a copy of the written lease which was omitted from the original complaint. The lease consisted of three and one-half pages and contained ten clauses.

We shall quote paragraph I of the amended complaint, italicizing the added portion.

"That at all times herein mentioned, the plaintiff, King County, was and now is a public corporation organized and existing under the laws of the State of Washington *and is a political sub-division of said State.*"

Although we express no opinion as to the necessity of inserting the additional clause, it was apparently done because Judge Hodson permitted defendants to add an additional ground of demurrer, "that the plaintiff has no legal capacity to sue."

■ Want of capacity to sue, appearing on the face of the complaint, is waived by failing to demur on that ground. *Hale v. Crown Columbia Pulp & Paper Co.*, 56 Wash. 236, 105 Pac. 480.

Paragraph VI of the original complaint alleged:

"That on or about October 30, 1949, the plaintiff discontinued use of the property of the defendants, at which time there remained upon the premises of said defendants the following equipment: [Then followed a detailed list of the property.]"

Paragraph VI of the amended complaint was identical, but there was added thereto:

"That said equipment was at all times hereinbefore and hereinafter stated, owned by plaintiff; that said equipment and each and every item thereof had been installed by and placed upon the above-described premises belonging to the defendant by plaintiff and that plaintiff was and now is entitled to remove each and every item of equipment upon the termination of its use of said premises."

RCW 4.36.050 provides:

"In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

In *Noyes v. Loughead,* 9 Wash. 325, 37 Pac. 452, an amended answer was challenged by demurrer and held insufficient. A second amended answer was then filed setting up substantially the same defense as the first one. In affirming the action of the trial court in striking the second amended answer and giving judgment on the pleadings, this court said:

"Motions of this kind, under the circumstances of this case, are not directly recognized by our statute, and the practice of interposing them should not be encouraged, as there is usually a more orderly way to reach defects in pleadings, and one which will better preserve the right of amendment so liberally provided for in our code. But where a party, having just had a ruling that certain facts constituted no defense, comes again into court relying upon an answer setting up only the same facts, he cannot complain if the court strikes it from the files and proceeds to judgment as though no answer had been filed. And since that is substantially what was done in this case, we are not disposed to disturb the action of the court in that regard."

1 Bancroft's Code Pleading 907, Motions on Pleadings, § 622, states:

"A pleading which is but a repetition of a prior pleading held to be defective may be regarded as frivolous and stricken, though it has been said that such practice should not be encouraged because its effect is to defeat the right of amendment. The motion does not lie where the amended

pleading contains some additional facts, as well as fuller and more explicit statements than those set forth in the original pleading."

■■ The process of amendment should not be prolonged to an intolerable degree. An amended pleading which sets up the same facts as the previous pleading to which a demurrer has been sustained, should be stricken as frivolous. However, where the courts are enjoined by statute to construe liberally the allegations of a pleading, they should be very careful in considering a motion to strike an amended pleading which contains some additional facts, as well as more explicit statements than those contained in the prior pleading. That is the situation here. The amended complaint contains some additional allegations of fact which are material to the issues involved herein, and it, in its entirety, should be considered by the trial court.

In *Hays v. Peavey*, 43 Wash. 163, 86 Pac. 170, and *Magee v. Cohn*, 187 Wash. 157, 59 P. (2d) 1131, in situations quite similar to this, we treated the motions to strike as equivalent to demurrers, and considered and determined the sufficiency of the amended complaints. However, in both of those cases, no demurrers were filed against the amended complaints. In each case, the only matter before the court was the motion to strike. Here, we have a motion to strike, a motion against the amended complaint, and a demurrer. It is perfectly clear that Judge Turner only considered and ruled upon the motion to strike the amended complaint.

Respondents raise some questions in their brief which are not properly before us at this time because they are matters of defense.

The order of dismissal is reversed, and the cause is remanded to the trial court with direction to deny the motion to strike and to consider and act upon respondents' motion against the amended complaint and the demurrer.

GRADY, C. J., HILL, DONWORTH, and WEAVER, JJ., concur.