[No. 33221. Department Two. August 25, 1955.]

ARTHUR McDONOUGH, *Appellant*, v. JAMES O. FOSTER *et al.*, *Respondents.*[1]

*Wilkinson & Langsdorf*, for appellant.

*McMullen, Snider & McMullen*, for respondents.

HILL, J.— Where the complaint of a disfavored driver seeking to recover damages for injuries sustained in an intersection collision discloses that he failed to yield the right of way to the defendant, who was the favored driver, and

[1] Reported in 287 P. (2d) 336.

the complaint alleges no additional facts which would excuse that failure (such as deception by the defendant) or permit recovery in spite of it (such as that the defendant had the last clear chance to avoid the collision), a demurrer on the ground of no facts sufficient to constitute a cause of action should be sustained, and, on failure to plead over, the complaint should be dismissed.

The foregoing holding is decisive of the present case.

In the plaintiff's fourth amended complaint, it appears that he was the disfavored driver and failed to yield the right of way to the defendant, the favored driver, as required by law. RCW 46.60.150 [cf. Rem. Rev. Stat., Vol. 7A, § 6360-88] or RCW 46.60.170 [cf. Rem. Rev. Stat., Vol. 7A, § 6360-90].

It is recognized that, had the plaintiff alleged facts from which it might be found that the defendant had a last clear chance to avoid the accident, or had he alleged facts from which it might be found that he acted as he did because he had been deceived by some action of the favored driver into believing that he had a right to proceed, a demurrer should not have been sustained on the ground indicated. We find, however, no facts alleged in the fourth amended complaint on which a finding of last clear chance or deception could be predicated.

In his second amended complaint, the plaintiff did urge last clear chance, and he now assigns error because the trial court struck from that complaint the allegations concerning last clear chance. Thereafter, he filed his third amended complaint and, still later, his fourth amended complaint.

▇ It is well established that, when a motion or demurrer to a pleading is sustained and the pleader thereafter files an amended pleading, he thereby waives any error in the action of the court. In order to take advantage of error on a ruling sustaining a demurrer or motion, the party must stand on his pleadings. *Goshert v. Wirth* (1924), 130 Wash. 14, 226 Pac. 124; *Sunset Motor Co. v. Woodruff* (1924), 130 Wash. 516, 228 Pac. 519; *King County v. Sutter* (1954), 45 Wn. (2d) 326, 274 P. (2d) 347; 1 Bancroft Code Pleading

1015, § 723. See, also, *Magee v. Cohn* (1936), 187 Wash. 157, 59 P. (2d) 1131.

On the basis of the authorities just cited, any error in sustaining a demurrer to the plaintiff's third amended complaint was waived (although we find no indication in the transcript that a demurrer to that complaint was sustained); in any event, that complaint was abandoned when the fourth amended complaint was filed. *Seeley v. Gilbert* (1943), 16 Wn. (2d) 611, 134 P. (2d) 710; *Skidmore v. Pacific Creditors* (1943), 18 Wn. (2d) 157, 138 P. (2d) 664.

The plaintiff places great emphasis upon the fact that a flashing yellow signal was visible to the defendant as he approached the intersection, and that, by statute (RCW 46.60.230, Laws of 1951, chapter 56, § 3), " . . . drivers of vehicles may proceed through the intersection or past such signal only with caution."

Failure to obey the statute in question would be negligence on the part of the defendant, but the flashing light would afford no excuse for the disfavored driver's failure to yield the right of way. Such a flashing yellow light does "not abrogate the rule granting right of way to the automobile approaching from the right." 2 Blashfield, Cyclopedia of Automobile Law & Practice (Perm. ed.) 257, § 1005. See *Langdon v. Cincinnati St. R. Co.* (1943), 75 Ohio App. 482, 62 N. E. (2d) 380.

Judgment of dismissal affirmed.

HAMLEY, C. J., MALLERY, WEAVER, and ROSELLINI, JJ., concur.