[No. 2512-1.    Division One.    December 23, 1974.]

PETER R. KOHL et al., Respondents, v. GEORGE S. ZEMILLER et al., Defendants, ROBERT E. BOLLINGER et al., Appellants.

Kenneth O. Welling and Robert C. Alexander, for appellants.

Lund, Franklin & DeLong and Sam B. Franklin, for respondents.

HOROWITZ, J.—Defendants Bollinger and Northwestern Mutual Insurance Company appeal from a judgment for $1,550.08, plus interest and costs.

Plaintiff Peter R. Kohl, a registered contractor, doing business as Kohl Excavating Service, contracted with defendant Robert E. Bollinger to perform certain excavating and construction services. Bollinger had full authority to contract on behalf of all property owners involved in the subject area except George S. Zemiller. Plaintiff Kohl performed the work contracted for and was paid the full contract price except for $1,550.08, which represented Zemiller's share. The named plaintiff, Peter R. Kohl, died leaving Delores T. Kohl as his surviving widow.

On November 19, 1970, Attorney Sam B. Franklin, at the direction of the office manager for Kohl Excavating Service and without knowledge of the death of Peter R. Kohl, commenced the instant action against defendant appellants (hereinafter collectively called Bollinger) to recover the unpaid $1,550.08. Attorney Franklin commenced the suit in the name of Peter R. Kohl, d/b/a Kohl Excavating Service, as plaintiff. In September 1971 attorney Franklin, for the first time, learned of Peter R. Kohl's death. Prior thereto, the estate of Peter R. Kohl was probated and closed. On November 9, 1971, the matter came on for trial. The court, upon being informed of the foregoing facts, directed the action to proceed only upon reopening of the Peter R. Kohl estate, the reappointment of Delores T. Kohl as administratrix, and her substitution as party plaintiff.

On December 8, 1971, attorney Franklin moved to have Delores T. Kohl, administratrix of her late husband's estate, substituted as party plaintiff. On December 15, 1971, defendants Bollinger objected to the proposed substitution on the ground the substitution would be untimely, being made more than 1 year after the death of Peter R. Kohl. RCW 4.20.050. On December 17, 1971, Delores T. Kohl individually was substituted as plaintiff by order of the court —a matter later discussed. After trial, she obtained judg-

ment in the amount sued for against defendants Bollinger, who appeal.

The basic question raised is whether the court had jurisdiction to render the judgment in favor of Delores T. Kohl individually. Defendants Bollinger contend the judgment appealed is void because the court lacked jurisdiction to amend the complaint by substituting Delores T. Kohl as party plaintiff for the named deceased plaintiff. We do not agree and affirm the judgment.

■ The purpose of the superior court rules, including CR 17-25 dealing with parties, is to enable the trial court to expeditiously reach the merits of the controversy with the least procedural difficulty. CR 1 accordingly provides: "They shall be construed to secure the just, speedy, and inexpensive determination of every action." *See also* ROA I-63; CAROA 63. Pragmatic considerations govern in reaching the overall objective stated in CR 1. *See LaHue v. Keystone Inv. Co.*, 6 Wn. App. 765, 776, 496 P.2d 343 (1972). Accordingly, a practical solution should be preferred to a technical one whose use might result in frustrating the purpose of the superior court rules. A practical solution is here possible.

The appeal record is minimal. It is sufficient, however, to enable us to fairly infer that the substitution of Delores T. Kohl individually as party plaintiff was either without objection or by consent of defendants Bollinger. Mrs. Kohl moved for an order that she, in her capacity as administratrix for the estate of Peter Kohl, be substituted for Peter R. Kohl as plaintiff. Her motion was supported by an affidavit of her counsel, Mr. Franklin, generally to the effect that the substitution had been called for by the Honorable Charles Z. Smith, Judge of the King County Superior Court. Defendants Bollinger filed a written objection to that substitution. The "Order Approving Substitution of Plaintiff" dated December 17, 1971, as originally prepared, called for the substitution of "Delores T. Kohl, Administratrix of the Estate of Peter Kohl." The quoted language conformed to Judge Smith's requirements. In the order actually signed,

however, a line was drawn through the quoted phrase, accompanied by the Judge's initials. No reason appears why plaintiff Delores T. Kohl, administratrix of the estate of Peter Kohl, would have requested such a line to be drawn or to have otherwise sought to have herself substituted individually as plaintiff in face of Judge Smith's ruling. Indeed, respondent's brief flatly states "Plaintiff Delores Kohl was substituted in her own individual capacity at the insistence of counsel for the Appellants." Defendants Bollinger have not contradicted the quoted statement. The uncontradicted statement explains why defendants Bollinger failed to show they objected to the substitution of Delores T. Kohl in her individual capacity for the originally named plaintiff.

■ The case below appears to have been tried by consent on the theory that Delores T. Kohl individually was properly in the case as plaintiff. This fact may explain why the record contains so little about that matter. The agreed substitution in effect was an abandonment of the original complaint and the commencement of a new action in the name of Delores T. Kohl individually as plaintiff, of which the court had jurisdiction. *Vukovich v. Custer*, 415 Ill. 290, 112 N.E.2d 712 (1953). *See Herr v. Herr*, 35 Wn.2d 164, 211 P.2d 710 (1949). To permit defendants Bollinger to now contend on appeal she was not properly in the case as party plaintiff is to permit them to take inconsistent positions in the same litigation and to deny the trial court an opportunity to pass on a contention which, if upheld, might have avoided an unnecessary appeal. *See Soderberg Advertising, Inc. v. Kent-Moore Corp.*, 11 Wn. App. 721, 737, 524 P.2d 1355 (1974); *Bauer v. Bauer*, 5 Wn. App. 781, 791-92, 490 P.2d 1350 (1971); *Stratton v. U.S. Bulk Carriers, Inc.*, 3 Wn. App. 790, 478 P.2d 253 (1970).

The substitution was made more than 1 year after the time for substitution had expired. RCW 4.20.050. During oral argument, however, defendants' counsel waived objection based on this delay. The court having jurisdiction of

the parties and of the subject matter, the judgment entered is binding upon the parties.

Affirmed.

JAMES and WILLIAMS, JJ., concur.