[Nos. 5218–4–III; 5362–8–III.   Division Three.   April 17, 1984.]

S. M. JAMEEL HASAN, *Appellant,* v. H. GEORGE FREDERICKSON, ET AL, *Respondents.*

*William J. Powell* and *Powell & Morris,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Owen F. Clarke, Jr., Senior Assistant,* for respondents.

GREEN, J.—The primary issue in this consolidated appeal is whether the president of Eastern Washington University (EWU) had authority to reject the recommendations of a faculty appeals committee with regard to merit pay awards.

On July 23, 1981, the EWU board of trustees established a system of merit pay for faculty members. Nominations were to be made by the deans of the various schools to the Office of Academic Affairs of the university. Nine members of the Department of Management, including Professor S. M. Jameel Hasan, were nominated. On October 5 the dean of the School of Business recommended all of the nominees except Professor Hasan. These recommendations were accepted and implemented.

Professor Hasan then filed a grievance. Informal procedures at level 1 were waived and the faculty appeals committee was convened for a level 2 hearing. WAC 172–129–100. Following the hearing, the committee in a written report recommended (1) all the merit pay awards be set aside, (2) more objective criteria be established for merit pay award decisions, and (3) in light of that new criteria, the dean of the School of Business resubmit his recommen-

dations. These recommendations were formally rejected by EWU's president. Professor Hasan sought review in superior court. After the petition was filed, the president of the university reviewed the tape and documentary records considered by the faculty appeals committee and on March 15, 1982, again formally rejected the committee's recommendations. The court dismissed the petition for lack of jurisdiction. From this dismissal, Professor Hasan appealed to this court.

Professor Hasan then filed an amended complaint in the same action in superior court seeking a judgment declaring the university president lacked authority to reject the recommendations of the faculty appeals committee or, in the alternative, if such authority existed, it was exercised in an arbitrary and capricious manner. A partial summary judgment was entered declaring that the president was not bound to accept the recommendations; but since he was required to review all of the matters presented to the faculty appeals committee, the case was remanded for his consideration of two documents he had failed to review. After reviewing these materials, the president reaffirmed his rejection of the committee's recommendation. Professor Hasan appeals from the order granting partial summary judgment. This appeal is consolidated with the prior appeal involving jurisdiction.

First, Professor Hasan contends the court erred in dismissing his initial petition because the court had jurisdiction under the higher education administrative procedure act, RCW 28B.19. In the alternative, he argues, courts retain inherent authority to review final administrative actions notwithstanding any purported statutory bars. We need not reach these questions.

When Professor Hasan amended his initial petition to seek declaratory relief, his original petition for review was abandoned. *Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir. 1967); *McDonough v. Foster,* 47 Wn.2d 229, 287 P.2d 336 (1955); *King Cy. v. Sutter,* 45 Wn.2d 326, 329, 274 P.2d 347 (1954); *Herr v. Herr,* 35 Wn.2d 164, 166, 211 P.2d 710

(1949); *see also Kohl v. Zemiller,* 12 Wn. App. 370, 373, 529 P.2d 861 (1974). Therefore, his appeal from the order of dismissal need not be considered. Nevertheless, we observe that the court does possess inherent power to review an administrative agency's decision where it is alleged to be arbitrary, capricious or contrary to law. *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 221, 643 P.2d 426 (1982). Here, Professor Hasan alleged arbitrary and capricious decision-making. Thus, the court did have jurisdiction to entertain the original petition.

Second, Professor Hasan contends the president had no authority to reject the recommendations of the faculty appeals committee; and if he did have authority, the rejection was arbitrary and capricious. We find no error.

WAC 172-129-070(1) provides in part:

> The Faculty Appeals Committee shall have the primary responsibility on behalf of the college to make findings and *recommendations* for the resolution of grievances and appeals not resolved at Level I. Its *recommendation* shall be made to the president of the college for administrative action.

(Italics ours.) A recommendation is not a final decision and is not binding on the president. *Hasan v. Eastern Wash. Univ.,* 24 Wn. App. 829, 833, 604 P.2d 191 (1979); *see also Bowing v. Board of Trustees,* 85 Wn.2d 300, 534 P.2d 1365 (1975). Professor Hasan cites *Blair v. Lovett,* 196 Colo. 118, 582 P.2d 668 (1978) to support his argument. However, that case held that although the committee's factual findings, if supported by competent evidence, are binding on the board of education, the committee's "recommendation regarding final disposition of the case is just that—a recommendation." (Italics omitted.) *Blair v. Lovett, supra* at 123, 125. Here, EWU's president stated he accepted the committee's findings but disagreed with its recommendation. He had the final authority to accept or reject the recommendation.

Alternatively, Professor Hasan argues even if President Frederickson had the authority to refuse to implement the recommendations of the committee, his actions in doing so

were arbitrary, capricious and contrary to law.

A person does have a legitimate expectation of freedom from arbitrary action, which means being treated consistent with the statute and policies covering his employment. *Williams v. Seattle Sch. Dist. 1, supra* at 222. Arbitrary and capricious action has been defined as willful and unreasoning action without consideration and in disregard of the facts and circumstances. *Bennett v. Board of Adj.*, 29 Wn. App. 753, 755, 631 P.2d 3 (1981); *Skold v. Johnson*, 29 Wn. App. 541, 630 P.2d 456 (1981); *West Hill Citizens v. King Cy. Coun.*, 29 Wn. App. 168, 627 P.2d 1002 (1981).

Here the president of EWU listened to the tape recording of the committee proceedings, read the entire record, and considered the exhibits and other matters prior to issuing his final decision. While it is true he rejected the committee's recommendations twice prior to his final decision, that fact does not in and of itself render the decision arbitrary and capricious.

Professor Hasan argues since President Frederickson had already committed himself to his prior rejections, his final review violated the appearance of fairness doctrine as Professor Hasan was denied review by a fair and neutral decision maker. He also points out that the two of them had been in a very lengthy and heated dispute a few years previous regarding Professor Hasan's promotion to full professor. *See Hasan v. Eastern Wash. Univ., supra.*

The appearance of fairness doctrine was developed to preserve public confidence in government processes. *Zehring v. Bellevue*, 99 Wn.2d 488, 494, 663 P.2d 823 (1983). The test is:

> Would a disinterested person, having been apprised of the totality of a board member's personal interest in a matter being acted upon, be reasonably justified in thinking that partiality may exist? If answered in the affirmative, such deliberations, and any course of conduct reached thereon, should be voided.

*Zehring*, at 494 (quoting *Swift v. Island Cy.*, 87 Wn.2d 348,

361, 552 P.2d 175 (1976)). There is nothing in the record here to indicate the president's decision was in any way based on his prior experience with Professor Hasan. Instead, his decision stated that the awards to the other eight faculty members had been implemented so they had a vested interest in the award and that the absence of weighting or numerical procedures in the evaluation for merit awards was consciously done to avoid the arduous procedures associated with the EWU promotion process.

We find the president made a reasoned decision that was neither arbitrary nor capricious and was not contrary to law.

Affirmed.

MUNSON, C.J., and MCINTURFF, J., concur.

Reconsideration denied June 11, 1984.

Review denied by Supreme Court August 10, 1984.