

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38690-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MARY ANNVALEE FAUCETT, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — As a matter of precaution to preserve her right to appeal, Mary

Faucett appealed the superior court's failure to address a pending motion for

reconsideration of an order denying her motion to vacate a conviction and withdraw a

guilty plea. Because the superior court judge, who entered the order has retired, we

remand for another judge to entertain the motion for reconsideration.

FACTS

We previously issued a decision in this prosecution memorialized at *State v.*

*Faucett*, No. 35627-2-III (Wash. Ct. App. Mar. 21, 2019) (unpublished),

https://www.courts.wa.gov/opinions/pdf/356272_unp.pdf. From a plea of guilty of

manslaughter, Mary Faucett appealed the superior court's earlier denial to dismiss

homicide charges, which motion she based on an agreement with the State for her to disclose information. We rejected the appeal because the guilty plea waived the right to challenge the motion's denial.

We abbreviate some of the facts narrated in our earlier decision. Mary Faucett participated in the December 3, 2014 homicide of Lorenzo Fernandez, shot by her husband's cousin. The cousin believed a member of a gang, to which Fernandez belonged, shot one of the cousin's friends.

On the night of Lorenzo Fernandez's death, Mary Faucett lured Fernandez, under the pretext of sexual relations, to an apartment where the homicide occurred. After the shooting, she housed her husband's cousin while police searched for him. She traveled with others to dispose of evidence.

Mary Faucett denied participation in the shooting. At the outset of the police investigation, Faucett agreed to provide information to law enforcement that implicated others. In exchange for her truthful and complete cooperation, the State offered a plea of rendering criminal assistance. As the investigation progressed, the State discovered evidence that Faucett's participation in the crime was greater than she claimed. The State withdrew the offer for leniency.

With the progression of the investigation, the State amended the information to reflect mounting evidence of Mary Faucett's role in the crime. During that time, a public defender represented her. After the State determined the full nature and extent of

Faucett's involvement in the homicide, the State filed a fourth amended information that charged first degree murder.

With the last amended information, Mary Faucett, under the mistaken impression that she could gain better representation from one other than a public defender, sought private counsel to challenge the first degree murder charge. She paid $20,000 to hire private counsel John Crowley. Under the retainer agreement, Crowley would retain the $20,000 no matter the amount of work he performed.

John Crowley appeared as counsel on behalf of Mary Faucett on April 20, 2017. Faucett did not then know that on the date he filed his appearance to represent her, Crowley had been the subject of an ongoing investigation by the Washington State Bar Association Office of Attorney Discipline (OAD). Just three days before his appearance on April 20, the investigation had progressed to the point that OAD filed and served Crowley with a Second Amended Formal Complaint and Notice to Answer on April 17, 2017.

At the time of John Crowley's appearance, Faucett's trial was scheduled to begin June 5, 2017, but the court shortly thereafter postponed the first day of trial until August 28, 2017. According to Faucett, she promptly disclosed facts to Crowley that would have supported a motion to suppress evidence, but Crowley failed to file any motion.

OAD's investigation discovered numerous ethical violations by John Crowley that contained a common thread. Crowley accepted large amounts of cash for representation and failed to aggressively represent the client or perform tasks he promised to perform.

3

OAD accumulated a catalog of untrue statements Crowley made to clients, opposing counsel, law enforcement, and courts.

On July 18, 2017, John Crowley entered an agreement with OAD, under which he would resign effective September 18, 2017. Then on August 17, 2017, on the recommendation of attorney John Crowley, Mary Faucett pled guilty to a reduced charge of first degree manslaughter. The trial court sentenced Faucett on September 14, 2017. The court imposed an aggravated exceptional sentence of 130 months, twelve months higher than the high-end standard range sentence. She now maintains that Crowley "coerced" her to plead guilty to first degree manslaughter. Faucett further claims that Crowley told her she could argue for a lower-range sentence of 84 months.

Mary Faucett asserts that she learned, after her plea, that John Crowley had brokered a deal with the State for the exceptional high sentence. During the plea entry and the later sentencing hearing, Crowley failed to disclose to Mary Faucett, the State, or the Franklin County Superior Court the pending ethical complaints or his agreement to resign his lawyer license on September 18.

PROCEDURE

In February 2020, nine months after issuance of the mandate by this appellate court, Mary Faucett, through a third attorney, filed a motion, pursuant to CrR 7.5 and 7.8, to vacate the criminal judgment and sentence. As part of the motion, she also sought permission to withdraw her guilty plea to manslaughter because the plea was the product of ineffective assistance of counsel. According to Faucett, Crowley failed to advise her

4

of his pending resignation as a lawyer and hurriedly resolved her prosecution in order to shelter the $20,000 retainer payment. In doing so, he failed to file a promised motion to suppress evidence. In furtherance of his design, Crowley misadvised her and coerced her into an unfavorable plea agreement. Faucett based the motion on information she gained about John Crowley after her appeal.

The superior court regarded Mary Faucett's motion to vacate her judgment as untimely and transferred the motion to this court as a personal restraint petition. We adjudged the motion timely and remanded the motion to the superior court.

On remand, Faucett enlisted a third attorney to vacate the judgment. On August 27, 2021, Franklin County Superior Court Judge Cameron Mitchell, who took the 2017 guilty plea and sentenced Mary Faucett, conducted an evidentiary hearing on the motion to set aside. Faucett, her sister Sudie Isidro, and her mother Joanne Romero testified. Judge Mitchell issued a written decision on December 6, 2021. The court denied Faucett's motion because she failed to convince the court that she did not knowingly, voluntarily, and intelligently enter the guilty plea.

On December 16, 2021, Mary Faucett's third counsel filed a motion for reconsideration of the order denying withdrawal of the guilty plea. In an accompanying brief, the motion argued that the court misconstrued the record in denying Faucett's motions.

Certain procedural rules govern reconsideration motions. CrR 8.2 prescribes that a motion for reconsideration be governed by CR 59. Benton-Franklin Counties Superior

5

Court Local Rule 59 governs the process of the filing and resolution of a motion for reconsideration. In 2021, LR 59 imposed six obligations on the movant of a motion for reconsideration: filing of the motion with the clerk, providing legal authority, preparing and sending to the court a draft opinion, serving the motion on the opposing party, filing an affidavit of service, and giving notice to the court administrator by email.

Mary Faucett's counsel did not accompany the motion to vacate the guilty plea with a proposed order because, according to counsel, Faucett asked Judge Mitchell to reconsider a discretionary credibility ruling and crafting a meaningful proposed order would be superfluous. Counsel did not file an affidavit of service of the motion for reconsideration on the prosecutor, although the record demonstrates that he occasionally communicated with the prosecutor between the filing of the motion and the filing of this second appeal. Counsel admits that he lacks a recollection of serving the prosecutor's office, but he averred that his practice was "to walk the 70 feet and deliver copies to the prosecutor's office" of the documents he filed with the court. CP at 351. Counsel's office is across the street from the Franklin County courthouse, which houses the prosecutor's office.

Mary Faucett's counsel also failed to email the motion for reconsideration to the court administrator's office, although the court administrator knew of the motion because of repeated attempts to obtain a hearing date. Faucett's counsel did not know of any defects in the processing of the motion for reconsideration and continued to discuss resolution of the prosecution with the prosecuting attorney after filing the motion. After

the State's attorney raised procedural obstacles to the motion for reconsideration, Faucett's counsel refiled the motion for reconsideration with a proof of service.

After filing the motion for reconsideration, Mary Faucett's counsel called the court administrator more than once to schedule a hearing date for Judge Cameron Mitchell to resolve the motion for reconsideration. Because of retirement, Judge Mitchell was not available beginning December 20, 2022.

To preserve Mary Faucett's right to appeal the denial of the motion to vacate the judgment, Faucett's counsel, on January 7, 2022, filed a notice of appeal of the December 6, 2021 order denying the motion to vacate. The notice stated that Faucett filed the appeal to protect her rights because she was unable to get a hearing on a motion for reconsideration. The superior court entered an order of indigency approval of funding the appeal at public expense and permitting an appellate public defender to replace the third attorney.

Because the order upon which the appeal was based was entered of December 6, 2021 and the notice of appeal was filed on January 7, 2022, more than 30 days later, this court scheduled a hearing for a commissioner to consider timeliness. *See* RAP 5.2(a). A commissioner of this court ruled that the filing of the unheard motion for reconsideration extended the time for appeal and the appeal was therefore timely. The motion for reconsideration remains unaddressed by the superior court.

LAW AND ANALYSIS

Although Mary Faucett's notice of appeal filed by her third attorney seeks to challenge the denial of her motion to vacate the guilty plea, Mary Faucett assigns error, in appellant counsel's brief, to the superior court's failure to address her motion for reconsideration. In the alternative, Faucett contends that she received ineffective assistance of counsel because her third attorney failed to comply with local procedural rules when filing the motion for reconsideration.

Because Mary Faucett seeks remand for a hearing on the motion for reconsideration, this appeal does not address the merits of the motion to vacate the judgment and to withdraw the guilty plea. This appeal also does not address the merits of the motion for reconsideration, which motion parallels the motion to vacate and withdraw.

In response, the State highlights that Mary Faucett failed to gain Superior Court Judge Cameron Mitchell's attention to address the motion for reconsideration. The State, however, does not argue against this court remanding to the superior court for a review of the motion for reconsideration. The State concedes that the deadline for Faucett to appeal the order denying the motions to vacate the judgment and to withdraw her guilty plea does not loom until after any denial of the motion for reconsideration. In reply, Faucett emphasizes a local court rule that does not require a party to schedule a hearing on a motion for reconsideration.

We characterize the superior court's failure to address the motion for reconsideration as a failure to exercise its discretionary authority. The failure to exercise discretion is itself an abuse of discretion subject to reversal. *State v. O'Dell*, 183 Wn.2d 680, 697, 358 P.3d 359 (2015).

Because of the difficulty encountered by Mary Faucett in procuring a resolution of her motion for reconsideration caused in part by the retirement of a superior court judge, we remand the prosecution to the superior court to entertain the motion. A determination that a trial court improperly failed to consider an issue properly before it typically requires a remand. 5 Am. Jur. 2d *Appellate Review* § 706 (2023). The superior court may request a hearing or resolve the motion by a written order without a hearing.

We recognize the State's argument that Mary Faucett failed to comply with LR 59 when filing the motion for reconsideration. The State may forward those arguments to the superior court on remand. The superior court remains free to forgive strict compliance with its local rules. *Sorenson v. Dahlen*, 136 Wn. App. 844, 848, 149 P.3d 394 (2006).

We further recognize that, regardless of whether the superior court grants or denies the motion for reconsideration, this case will likely return to us by way of an appeal of the decision on whether to vacate the conviction and allow the withdrawal of the guilty plea. We might now address the merits of the underlying motion to vacate the judgment, but neither party has had the opportunity to yet analyze for this court the merits of this underlying motion.

CrR 8.2 directs the superior court, in part, to follow the civil rules when entertaining a motion for reconsideration. In ordering a remand for consideration of the motion for reconsideration, we note some of the principles emanating from the civil rules, which principles should also apply to an appeal. We construe the rules to secure the just, speedy, and inexpensive determination of every action. CR 1. We should prefer practical solutions over technical solutions whose use might result in frustrating the purpose of the superior court rules. *Kohl v. Zemiller*, 12 Wn. App. 370, 372, 529 P.2d 861 (1974). The procedural rules should be administered to eliminate procedural traps. *Gott v. Woody*, 11 Wn. App. 504, 508, 524 P.2d 452 (1974).

We direct that a Franklin County Superior Court judge review the motion for reconsideration after reviewing the case file. Judge Cameron Mitchell need not decide the motion. Two Washington decisions, one unpublished and one published, mention a second judge entertaining a motion for reconsideration. In the unpublished decision, *State v. Phet*, 127 Wn. App. 1016 (2005), this court found no error in a second judge reconsidering an evidentiary ruling because of new evidence forwarded by the State. In Sanderson v. University Village, 98 Wn. App. 403, 408, 989 P.2d 587 (1999), the court did not address the propriety of the anomaly.

## CONCLUSION

We remand the case to the superior court for further action consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Pennell, J.

_____
Cooney, J.